DICKINSON PUBLIC SCHOOL DISTRICT NO. 1 et al., Plaintiffs and Appellees,

v.

Robert F. SCOTT, as Stark County Superintendent of Schools, Defendant and Appellant.

Civ. No. 9290.

Supreme Court of North Dakota.

April 7, 1977.

Maurice R. Hunke, Dickinson, for plaintiffs and appellees.

Gerald W. VandeWalle, Chief Deputy Atty. Gen., Bismarck, and Albert J. Hardy, State's Atty., Dickinson, for defendant and appellant.

VOGEL, Justice.

This is an appeal from a declaratory judgment in favor of the appellee school districts, holding that public school districts which permitted nonpublic students to ride public school buses were entitled to a fifteen-cent-per-day payment from the State for each nonpublic student transported. We reverse.

In 1967, for the first time, the Legislature enacted a statute permitting the transportation of nonpublic school students on public school buses. Chapter 137, 1967 Session Laws, now codified as Section 15–34.2–16, N.D.C.C., reads:

> "When authorized by the school board of a public school district providing transportation for public elementary and high school students, *elementary and high school students attending nonpublic schools* may be transported on public school buses to and from the point or points on established public school bus routes on such days and during the times that the public school district may authorize and agree to the transportation of such students only when there is passenger room available on such buses, according to the legal passenger capacity for such buses, when such buses are scheduled according to the provisions of this section; *provided, however, no payments shall be made from county equalization funds or state funds for any mileage costs for any deviation from the established public routes which may be caused by any agreement entered into pursuant to this section."* [Emphasis added.]

At the time this statute was enacted, and until 1975, all State aid for public school transportation was based entirely upon capacity of the school bus being used and the number of miles traveled. The number of pupils transported had no effect upon the amount of State aid.

In 1975, however, the Legislature amended Section 15–40.1–16, N.D.C.C., originally enacted as Section 7 of Chapter 158 and Section 1 of Chapter 187 of the 1971 Session Laws, to include the following provision:

> "In addition, those school districts qualifying for payments for buses having a capacity of seventeen or more pupils shall be entitled to an amount equal to fifteen cents per day for each pupil who is transported in such buses, . . . ."

The plaintiff-appellee school districts in the case before us argue that the language of the 1975 statute is plain and mandatory, and that they are entitled to be paid from the county equalization fund fifteen cents per day for each nonpublic student transported. The County Superintendent of Schools, the nominal appellant in this case, agreed with them, but the State Department of Public Instruction and the Attorney General disagreed. This action for a declaratory judgment was then begun. The district court agreed with the school districts and granted summary judgment in their favor. This appeal followed.

The Attorney General argues that the legislative intent has always been that no State or local school funds should be used for transportation of nonpublic students. The school districts argue that the language is plain and calls for no interpretation, and that the legislative intent, as deduced from the language used, is equally clear, if relevant at all.

We hold that neither Section 15–34.2–16 nor 15–40.1–16, N.D.C.C., authorizes the payment of public funds for transportation of students who are not attending public schools. This conclusion is based upon our examination of the statutes of this State both before and after the adoption of Chapter 137, 1967 Session Laws [Section 15–34.2–16, N.D.C.C.]. From that examination we conclude that the Legislature has consistently distinguished between the public schools, usually called simply "school" or "schools," and all other schools which it has consistently described as either "nonpublic schools" or "parochial schools," as the case may be. Similarly, it has consistently made a distinction between students attending public schools, usually called "pupils," and students attending nonpublic schools, to whom it has applied appropriate distinguishing language.

For example, at the time Chapter 137, 1967 Session Laws, was adopted, Section 15–34–03, N.D.C.C., provided that parents and others "having control of a child of compulsory school age" were excused from having the child attend "school" whenever it was shown that the "child" is in attendance "at a parochial or private school approved by the county superintendent of schools." This shows quite clearly that the Legislature, when it used the word "school," meant "public school," and other schools were designated as "parochial or private school." Similarly, Section 15–34–07, N.D.C.C., provided that parents and other persons having control of a "child" might have such child excused from "school attendance" for the purpose of sending him to any "parochial school" to prepare for religious duties, under certain conditions. The same section provided that "No transportation shall be furnished and no payments shall be made under the provisions of this chapter for any child who is attending a parochial school under the provisions of this section . . ." At the same time, Section 15–34–24 provided for a pupil-mile payment from the county equalization fund for "pupils transported" in buses.

In 1971, there was a general revision of the statutes as to compulsory school attendance and transportation, made by Chapter 158, 1971 Session Laws. As mentioned above, the provision which is now Section 15–34.2–16 was added, but the distinction previously made between a public school, usually described merely as "school," and a parochial or private school, designated by those words, is maintained. See Sections 15–34.1–03 and 15–34.2–17. The former contains language identical to that quoted above from Section 15–34–03, and the latter permits a school board to release, on request, a "student" for one hour per week to attend religious instruction.

We therefore conclude that the term "each pupil who is transported," as used in Section 15–40.1–16, N.D.C.C., must be construed to apply only to pupils attending public schools, and that the payment of fifteen cents per day for each pupil provided for in Section 15–40.1–16 therefore is to be made only for public-school pupils transported in the school buses provided by the public schools.

We are required to construe together all statutes relating to the same subject matter so as to harmonize them, if possible, and give full force and effect to true legislative intent. *First American Bank & Trust Co. v. Ellwein*, 198 N.W.2d 84 (N.D. 1972); *Eriksen v. Boyer*, 225 N.W.2d 66 (N.D.1974); *Brink v. Curless*, 209 N.W.2d 758 (N.D.1973). We are satisfied that the construction we have placed on the relevant statutes fulfills this duty.

We specifically note that we do not reach any constitutional question which might be raised as to any of the sections mentioned herein. None of the parties raised or discussed any constitutional question, and we decide none. We note, however, that the interpretation we have placed on the relevant statutes avoids any question of constitutionality of Section 15–40.1–16, N.D.C.C. See *Hazelton-Moffitt Special School District No. 6 v. Ward*, 107 N.W.2d 636 (N.D.1961).

Reversed and remanded.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.