BARNES COUNTY EDUCATION ASSO-
CIATION, Plaintiff and Appellee,

v.

BARNES COUNTY SPECIAL EDUCA-
TION BOARD, a public corporation,
Defendant and Appellant.

Civ. No. 9550.

Supreme Court of North Dakota.

March 5, 1979.

**248**

Chapman & Chapman, Bismarck, for plaintiff and appellee; argued by Daniel J. Chapman, Bismarck.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, and John T. Paulson, State's Atty., Valley City, for defendant and appellant; argued by David F. Knutson, Fargo.

ERICKSTAD, Chief Justice.

Barnes County Special Education Board appeals from a district court judgment that ordered it, among other things, to negotiate with the appellee, Barnes County Education Association, pursuant to Chapter 15–38.1, N.D.C.C. We affirm.

The facts are undisputed. A group of teachers employed by the Barnes County Special Education Board (Special Education Board) organized the Barnes County Education Association (Association) and petitioned the Special Education Board to recognize it as a negotiating unit pursuant to Chapter 15–38.1, N.D.C.C. The teachers also requested that the Special Education Board deduct association dues from their paychecks pursuant to Section 15–38.1–11.1, N.D.C.C. The Special Education Board obtained Attorney General's opinions on these questions that stated that although the Special Education Board may negotiate with the Association and allow payroll deductions pursuant to Chapter 15–38.1, N.D.C.C., it was not required to do so. The Special Education Board subsequently rejected the Association's petition for recognition as a negotiating unit and for payroll deductions.

The Association then brought this action for declaratory relief pursuant to Chapter 32–23, N.D.C.C., seeking an interpretation of the applicable statutes. The Association also moved for a temporary injunction to prohibit the Special Education Board from issuing contracts pending the outcome of the case. The Special Education Board, relying upon the Attorney General's opinions, brought a motion to dismiss the Association's complaint. By agreement of both parties, the district court determined that there was no genuine issue of fact and consolidated the parties' motions as one for summary judgment. The court found that Chapter 15–38.1, N.D.C.C., was applicable and ordered the Special Education Board to negotiate with the Association pursuant to that chapter. The Special Education Board was also ordered to comply with the provisions of Section 15–38.1–11.1, N.D.C.C., regarding payroll deductions for representative organization dues.

The Special Education Board appeals to this court. The district court judgment has been stayed pending the outcome of this appeal.

The narrow issue to be determined by this court is whether or not a county special education board created pursuant to Chapter 15–59.1, N.D.C.C., is an entity subject to the provisions of Chapter 15–38.1, N.D.C.C., regarding teachers' representation and negotiation.

The Special Education Board argues that the provisions of Chapter 15–38.1, N.D.C.C., are inapplicable to a county board of special education because Chapter 15–38.1, N.D.C.C., applies only to school boards of public school districts. It argues that a county board of special education created pursuant to Chapter 15–59.1, N.D.C.C., is not a school board of a public school district; therefore, Chapter 15–38.1 does not apply. It also argues that the statutes in question are clear and unambiguous and do not require judicial interpretation.

The Association responds that the statutes in question are unclear and require judicial interpretation. It also argues that Chapter 15–38.1, N.D.C.C., when read in its entirety, applies to county boards of special education.

In interpreting a statute, our lodestar is legislative intent. In determining legislative intent, certain rules of statutory construction become available.

■ If a statute is clear and unambiguous, the letter of the statute cannot be disregarded under the pretext of pursuing its spirit. Section 1–02–05, N.D.C.C.; *In Interest of D. S.,* 263 N.W.2d 114, 121 n.3 (N.D.1978); *Hughes v. North Dakota Crime Victims Rep. Bd.,* 246 N.W.2d 774, 776 (N.D. 1976); *Richard v. Johnson,* 234 N.W.2d 22, 26 (N.D.1975); *In Re Dilse,* 219 N.W.2d 195, 200 (N.D.1974). In such an instance, legislative intent is presumed clear from the face of the statute. *Brenna v. Hjelle,* 161 N.W.2d 356, 359 (N.D.1968). Thus, we cannot invade the province of the legislature when it has clearly spoken.

■ If the language of a statute is of doubtful meaning, or if adherence to the strict letter of the statute would lead to injustice, absurdity, or contradictory provisions, a duty descends upon the courts to ascertain the true meaning. *State v. Jelliff,* 251 N.W.2d 1, 7 (N.D.1977); *Chicago, M., & St. P. R. Co. v. Public Service Com'n,* 98 N.W.2d 101, 106–107 (N.D.1959); *Rybnicek v. City of Mandan,* 93 N.W.2d 650, 654 (N.D.1958); *State v. E. W. Wylie Co.,* 79 N.D. 471, 479, 58 N.W.2d 76, 80–81 (1953). Thus, in pursuance of the general objective of giving effect to legislative intent, we are not controlled by the literal meaning of the language of the statute, but the spirit or intention of the law prevails over the letter. *State ex rel. Olson v. Thompson,* 248 N.W.2d 347, 352 (N.D.1976); *Ficek v. International Bro. of Boilermakers, Etc.,* 219 N.W.2d 860, 870 (N.D.1974); *In re H.,* 206 N.W.2d 871, 872 (N.D.1973); *Perry v. Erling,* 132 N.W.2d 889, 896 (N.D.1965).

In construing the provisions of Chapter 15–38.1, N.D.C.C., the whole Act must be considered. *See Payne v. Board of Trustees,* 76 N.D. 278, 35 N.W.2d 553 (1949), in which this court held that in construing the Teachers' Insurance and Retirement Act, the whole Act must be considered.

In applying these principles of construction to the facts of this case, we must first determine if Chapter 15–38.1, N.D.C.C., is clear and free of ambiguity so as to foreclose statutory construction.

■ The Special Education Board contends that Section 15–38.1–01, N.D.C.C., which defines the purpose of Chapter 15–38.1, N.D.C.C., clearly provides that it is only applicable to school boards of "public school districts". Section 15–38.1–01, N.D. C.C., reads:

"*Purpose.*—In order to promote the growth and development of education in North Dakota which is essential to the welfare of its people, it is hereby declared to be the policy of this state to promote the improvement of personnel management and relations between school boards of *public school districts* and their certificated employees by providing a uniform basis for recognizing the right of public school certificated employees to join organizations of their own choice and be represented by such organization in their professional and employment relationships with the *public school districts.*" (Emphasis supplied.)

The only other reference in Chapter 15–38.1 to "public school district" occurs in Section 15–38.1–10, N.D.C.C., which reads:

"*Determination of appropriate negotiating unit.*—Representative organizations may be designated or selected by the majority of teachers, or administrators, employed in the *public school district.* Any group of teachers, or administrators, employed in a *public school district* may determine an appropriate negotiating unit by filing with the school board a description of the grouping of jobs or positions which constitute the unit claimed to be appropriate. Upon receipt of such determination, the school board shall accept or reject the proposed appropriate negotiating unit. After the school board has accepted the appropriate negotiating unit, the teachers, or administrators, within such unit may designate or select a representative organization in the manner described in section 15–38.1–11." (Emphasis supplied.)

Although there are a number of other sections of Chapter 15–38.1 that refer simply to school boards, the Special Education Board argues that this shorthand designation "cannot override the unambiguous definition contained in the sections involving purpose and organization."

The Association replies that these provisions are not clear and unambiguous. Indeed, the Association submits that other provisions of the chapter indicate that certificated teachers employed by a county board of special education are included within the negotiation law. The Association refers us to Section 15–38.1–02, N.D.C.C., which provides the definitions to be used in Chapter 15–38.1, N.D.C.C. The pertinent definitions read:

"As used in this chapter:

"1. 'Teachers' means and includes all public school employees certificated under chapter 15–36 of the North Dakota Century Code and employed primarily as classroom teachers.

"2. 'Administrator' means and includes all public school employees employed primarily for administration of the school or schools of a school district and devoting at least fifty percent of their time in any one year to the duties of administration of the school or schools of a school district.

\*    \*    \*    \*    \*    \*

"4. 'Appropriate negotiating unit' means a group of teachers having common interests, common problems, a common employer, or a history of common representation, which warrants that group being represented by a single representative organization in negotiations with a school board.

"5. 'Appropriate negotiating unit' means a group of administrators having common interests, common problems, a common employer, or a history of common representation, which warrants that group being represented by a single representative organization in negotiations with a school board.

"6. 'Representative organization' means any organization authorized by an appropriate negotiating unit to represent the members of the unit in negotiations with a school board." § 15–38.1–02, N.D.C.C.

The Association argues that the definitional provisions indicate that special education teachers are included in the negotiation law. The Association also refers us to Sections 15–38.1–07 and 15–38.1–08, N.D.C.C.

"*Right to organize or not organize.*—

"1. Teachers, or administrators, shall have the right to form, join, and participate in the activities of representative organizations of their choosing for the purpose of representation on matters of employer-employee relations.

"2. Teachers, or administrators, shall also have the right to refuse to join or participate in the activities of representative organizations." § 15–38.1–07, N.D.C.C.

"*Right to negotiate.*—Representative organizations shall have the right to represent the appropriate negotiating unit in matters of employee relations with the school board. Any teacher, or administrator, shall have the right to present his views directly to the school board." § 15–38.1–08, N.D.C.C.

We also note that a number of other provisions in Chapter 15–38.1 refer to teachers, negotiating units, representative organizations, and school boards without any mention of "public school districts".

We believe that a reading of the entire chapter discloses that an ambiguity exists that requires judicial interpretation. Thus, we decline the Special School Board's invitation to apply the rule of literal interpretation.

In *Dickinson Public Sch. Dist. No. 1 v. Scott,* 252 N.W.2d 216 (N.D.1977), we were presented with an analogous situation in which we also declined a literal approach.

In *Dickinson,* the legislature amended a statute regarding state aid for transportation to include the following statement:

"Those school districts qualifying for payments for buses having a capacity of seventeen or more pupils shall be entitled to an amount equal to fifteen cents per day for each pupil who is transported in such buses . . . ." The school districts argued that the language in question was "plain and mandatory" and that they were entitled to be paid fifteen cents per day for each pupil transported including nonpublic students that were authorized to be transported on public school buses by an earlier statute.

We determined that the statute required interpretation and applied the rule of construction that all statutes relating to the same subject matter are to be construed together so as to harmonize them and give full force and effect to true legislative intent. *Dickinson Public Sch. District v. Scott, supra* at 219. *See also Eriksen v. Boyer,* 225 N.W.2d 66 (N.D.1974); *Brink v. Curless,* 209 N.W.2d 758 (N.D.1973); *First American Bank & Trust Co. v. Ellwein,* 198 N.W.2d 84 (N.D.1972). We believe that the same rule is applicable in this case.

After a statute is determined to be ambiguous and requires construction, we must search for legislative intent to ascertain the meaning of the statute.

■ We believe that a reading of the entire chapter on teachers' representation and negotiation discloses an intent by the legislature to promote the growth and development of education in North Dakota by providing a uniform basis for teachers' representation and negotiation. We do not believe that this is to be limited to school boards of "public school districts." In reaching this conclusion, we note that Section 15–38.1–14, N.D.C.C., section (1), provides that "[n]o teacher, administrator or representative organization shall engage in a strike." We do not believe that this re-

fers to only teachers employed by a school board of a public school district.

We also believe that the title of the bill which became Chapter 172, 1969 Session Laws (Chapter 15–38.1, N.D.C.C.) is indicative of legislative intent. The title states that it is "An Act to provide procedures for representative organizations of public school teachers to negotiate with school boards with reference to employer-employee relations; to establish procedures to be used in the event of disagreement; and to establish an education factfinding commission."

In *First State Bank of Cooperstown v. Ihringer,* 217 N.W.2d 857, 863 (N.D.1974), we found the title of a bill persuasive in interpreting our laws relating to deficiency judgments. *See also, Northwestern Bell Telephone Company v. Hagen,* 234 N.W.2d 841, 847 (N.D.1975); 2A C. Sands, Sutherland Statutory Construction, § 47.03 (4th ed. 1973).

We hold that Chapter 15–38.1, N.D.C.C., regarding teachers' representation and negotiation, is applicable to county special education boards created pursuant to Chapter 15–59.1, N.D.C.C., and, consequently, we affirm the judgment of the district court.

PEDERSON and SAND, JJ., and HEEN and BACKES, District Judges, concur.

HEEN and BACKES, District Judges, sitting in place of PAULSON and VANDE WALLE, JJ., disqualified.