301 N.W.2d 387 (1981)
In the Interest of B. L., a Child.
Robert G. HOY, Petitioner and Appellee,
v.
P. L. and P. L., Respondents, and
B. L., Respondent and Appellant.
Civ. No. 9834.
Supreme Court of North Dakota.
January 23, 1981.
James F. Twomey, Asst. State's Atty., Fargo, for petitioner and appellee.
Edward J. Murphy, Fargo, for respondent and appellant.
Brian D. Neugebauer, West Fargo, and Ward Briggs, Fargo, for amici curiae City of West Fargo and City of Fargo, respectively (on brief).
VANDE WALLE, Justice.
B. L., a child, appeals from an order denying a motion to dismiss and from the judgment of adjudication of delinquency rendered by the district court of Cass County, sitting as the juvenile court. We reverse.
*388 B. L. was arrested in Fargo on May 10, 1979, for driving while under the influence of intoxicating liquor (DWI). At the time, B. L. was 16 years old and a licensed North Dakota driver. B. L. was brought before the municipal court of Fargo, whereupon she challenged the subject-matter jurisdiction of that court. The municipal court assumed jurisdiction and proceeded to trial, which resulted in a DWI conviction.
B. L. appealed the municipal court DWI conviction to the Cass County court of increased jurisdiction, where she not only challenged the jurisdiction of the municipal court but also challenged the jurisdiction of the county court of increased jurisdiction. B. L. filed a petition for writ of prohibition with the district court of Cass County, which granted the writ prohibiting the county court from proceeding on the matter and remanded the case to juvenile court with orders that the juvenile court proceed under a petition alleging a delinquent act.
After a petition alleging delinquency was filed with juvenile court and served, B. L. filed a motion in juvenile court to dismiss, again claiming lack of jurisdiction. The motion was denied on July 8, 1980.
On July 17, 1980, B. L. filed a petition for a writ of prohibition with this court, seeking to prevent the juvenile court from hearing the matter on the ground that it lacked jurisdiction. This court denied that petition and the case was heard on August 5, 1980, by the district court of Cass County, sitting as the juvenile court. Following a hearing before that court, B. L. was declared a delinquent child and was placed on probation for one year. This appeal followed.
Due to recent amendments by the Legislature of the Uniform Juvenile Court Act, Chapter 27-20 of the North Dakota Century Code, there exists substantial confusion as to which court, if any, has jurisdiction over juveniles who have been issued a valid operator's license or permit and have been charged with DWI. The instant case manifests that confusion.
Pursuant to N.D.C.C. Section 27-20-03, a juvenile court in North Dakota has jurisdiction over any child who is alleged to be a delinquent, unruly, or deprived. Prior to 1977, the Uniform Juvenile Court Act included DWI in its definition of "delinquent acts," thus bringing a child charged with DWI within the jurisdiction of juvenile court.[1]
In 1977, the present version of N.D.C.C. Section 27-20-02 was enacted. That section now defines "delinquent act" as "an act designated a crime under the law, . . . and the crime . . . is not a traffic offense as defined in subsection 10." Ch. 270, 1977 N.D.Sess.Laws. Subsection 10 of Section 27-20-02 was amended to define "traffic offense" rather than "minor traffic offense," and states:
"10. `Traffic offense' means a violation of a law or local ordinance or resolution governing the operation of a vehicle upon the highways of this state, or the waterways within or adjoining this state, by a child who has been issued a valid operator's license or permit if one is required, *389 other than negligent homicide in violation of section 12.1-16-03 and manslaughter resulting from the operation of a motor vehicle."
As stated earlier, juvenile courts in North Dakota have jurisdiction in all cases where a child, through petition, is alleged to be delinquent. A "delinquent child" is defined by N.D.C.C. Section 27-20-02(3) as "a child who has committed a delinquent act and is in need of treatment or rehabilitation." Prior to 1977, a child charged with DWI was, in effect, charged with a delinquent act and was subject to juvenile court jurisdiction. Following the amendments to Section 27-20-02 in 1977, a child not possessing a valid operator's license or permit who is charged with DWI is, in effect, charged with a delinquent act and the charge falls under the jurisdiction of the juvenile court. However, the same amendments brought about the result that a child possessing a valid license or permit and charged with DWI is not charged with an act which falls within the definition of "delinquent act" and therefore is outside the jurisdiction of juvenile court.
The fact that a child, duly licensed or permitted to drive, does not come under the jurisdiction of juvenile court when charged with DWI, while his unlicensed counterpart does, is not in and of itself the issue in this case.[2] The problem arises when one reviews N.D.C.C. Section 27-20-09.[3] That section states that an adult court must, with one exception, transfer to juvenile court all criminal cases where a juvenile is the defendant. The exception to this mandatory transfer is found at N.D.C.C. Section 27-20-34. Section 27-20-34 enables an adult court to exercise jurisdiction over a criminal case where a child is the defendant and has been properly transferred from juvenile court. The statute sets forth the conditions which must exist before a juvenile court may transfer to an adult court such a case. One of the conditions which must be met for a proper transfer is a petition alleging delinquency. Due to the 1977 amendments to Section 27-20-02 which removed DWI from "delinquent acts" as to children with operator's licenses or permits, no such child, charged only with DWI, may be transferred to adult court via Section 27-20-34, because he cannot be alleged to have committed a delinquent act. Further, although Section 27-20-34 deals with transfers from juvenile court to adult court, Section 27-20-09, which requires an adult court to transfer juvenile criminal matters to juvenile court, provides that either accusatory pleadings or a petition must be filed for proper transfer. Whichever method is used, accusatory pleadings or petition, an allegation of delinquency must be made so that the juvenile court may assume proper jurisdiction. Because DWI as to children with licenses or permits no longer is a delinquent act, a proper transfer from adult court to juvenile court is not possible.
*390 The net effect of a literal interpretation of the 1977 amendments to Section 27-20-02 is this: When a child with a driver's license or permit is arrested for DWI and appears before a juvenile court, that court is precluded from assuming jurisdiction because the child has not been, technically, charged with a delinquent act. Yet the juvenile court cannot properly transfer the child to an adult court because such a transfer requires an allegation of a delinquent act. Therefore, the juvenile court can neither handle the case itself nor transfer the case to an adult court. If, on the other hand, such a child, following his arrest, appears before an adult court, that court, because of the criminal nature of the case, must transfer the child to juvenile court. However, the adult court cannot properly transfer the case to juvenile court because an allegation of delinquency is required. Further, even if an adult court could transfer the case to a juvenile court, the juvenile court could not assume jurisdiction because no allegation of delinquency based upon DWI can be made. Thus the result appears to be that no court may hear and decide the matter, or, more to the point, certain juveniles charged with DWI escape accountability and possibly needed treatment.
Because of the current state of the statutory scheme regarding juveniles such as B. L. who have been arrested for DWI, it is necessary for us to apply the proper rules of statutory construction in an effort to determine which court may properly dispose of such a case.
The Uniform Juvenile Court Act is a comprehensive Act. This court has held that where it is necessary to construe statutes which are a part of a comprehensive Act, the provisions of the entire Act should be considered together. Barnes Cty. Ed. Assn. v. Barnes Cty. Sp. Ed., 276 N.W.2d 247 (N.D.1979). Section 1-02-05, N.D.C.C., provides that if statutes are clear and unambiguous, the letter of the statutes cannot be disregarded under the pretext of pursuing their spirit. However, as we stated in Barnes Ct. Ed. Assn., supra, 276 N.W.2d at 249:
"If the language of a statute is of doubtful meaning, or if adherence to the strict letter of the statute would lead to injustice, absurdity, or contradictory provisions, a duty descends upon the courts to ascertain the true meaning. [Citations omitted.] Thus, in pursuance of the general objective of giving effect to legislative intent, we are not controlled by the literal meaning of the language of the statute, but the spirit or intention of the law prevails over the letter. [Citations omitted.]"
To apply the letter of the law to a situation such as the one presented to us in this appeal would unquestionably lead to an absurd result, i. e., that the Legislature intended that a juvenile holding a valid driver's license or permit who is charged with a criminal act is to have his case dismissed because no court has jurisdiction to hear the matter. This result flies squarely in the face of the presumption found at N.D.C.C. Section 1-02-38(3), that in the enactment of statutes, a just and reasonable result is intended. In light of this, we are compelled to fulfill our duty to determine the true legislative intent.
When this court is faced with the task of ascertaining the true legislative intent which gave rise to the enactment of a statute, we look to all statutes relating to the same subject matter and attempt to harmonize, if possible, their apparently conflicting provisions. First American Bank & Trust Company v. Ellwein, 198 N.W.2d 84 (N.D.1972). In addition, the Legislature has provided to this court, at N.D.C.C. Section 1-02-39, a set of aids to be used in the construction of ambiguous statutes. Among these aids is the consideration by the court of the consequences of a particular construction. This consideration has been addressed supra, with the conclusion that a literal application of the law results in an absurd consequence.
Another of the various aids found at N.D. C.C. Section 1-02-39 to be used in the construction of ambiguous statutes is the consideration of the objects sought to be attained. Applying this consideration to the *391 1977 amendments to N.D.C.C. Section 27-20-02, it is clear that the Legislature sought to remove from juvenile courts the burden of hearing certain criminal traffic matters. The effect of the amendments was to remove DWI and various other criminal traffic offenses from the definition of "delinquent act" and therefrom the jurisdiction of the juvenile courts. The most serious traffic offenses, negligent homicide and vehicular manslaughter, remained within the definition of "delinquent act" and accordingly within the jurisdiction of juvenile courts. The effect of the 1977 amendments lends strong support to the contention that the Legislature, regarding traffic offenses, intended that juvenile courts handle only the most serious types.
Also available to this court among the various aids for the construction of statutes found at N.D.C.C. Section 1-02-39 is the consideration of the preamble to the 1977 amendments to N.D.C.C. Section 27-20-02. The preamble to these amendments describes the bill as "AN ACT to amend and reenact subsections 2 and 10 of section 27-20-02 of the North Dakota Century Code, relating to the jurisdiction of the juvenile court over certain traffic offenses." 1977 N.D.Sess.Laws Ch. 270. This preamble makes it clear that the Legislature sought to remove several types of criminal traffic offenses from the jurisdiction of juvenile court.
The application of yet another of the aids for statutory construction provided by N.D. C.C. Section 1-02-39 is enlightening to the issue here involved. Consideration of the history regarding the 1977 amendments to N.D.C.C. Section 27-20-02 reveals that the proponent of the changes believed that most of the minors charged with the driving offenses which would be removed from juvenile court jurisdiction are not juvenile delinquents but may just have a heavy foot. He stressed that so long as the juveniles have the privilege to drive, upon receiving a valid license or permit, they should have the same responsibilities and be held accountable for abusing that privilege in the same manner as adults are. Another legislator urging passage of the bill stressed that removal of these traffic offenses from the jurisdiction of juvenile court would serve to provide juvenile supervisors with more time to deal with more important juvenile problems. This same legislator pointed out that if a juvenile has a driver's license he should be just as responsible as an adult.
It is quite clear, after considering, pursuant to N.D.C.C. Section 1-02-39, the objects sought to be attained by the amendments, the consequences of a literal construction of the amendments, the preamble to the amendments, and the legislative history of the amendments, that the Legislature intended that juvenile court should not retain jurisdiction over certain traffic offenses. The legislative intent was to create a situation where certain juvenile traffic offenders were to be dealt with in the same manner as their adult counterparts. In creating such a situation the Legislature may have overlooked the provision in N.D.C.C. Section 27-20-09 that adult courts may not assume jurisdiction in a case in which a juvenile is charged with a criminal offense unless the matter has been properly transferred to the adult court under Section 27-20-34. We believe that the most reasonable interpretation of the Legislature's action in adopting the 1977 amendments is that the particular traffic offenses excluded from the definition of "delinquent act" were intended to be heard in an adult court.
In light of this interpretation we conclude that the juvenile court erred in denying B. L.'s motion to dismiss the delinquency proceeding for lack of jurisdiction and, as a result, erred in adjudicating B. L. a delinquent. The order of the juvenile court adjudicating B. L. a delinquent child is therefore reversed. Our conclusion necessarily includes a determination that the district court erred in issuing the writ prohibiting the Cass County court of increased jurisdiction from proceeding to hear B. L.'s appeal of the conviction in municipal court, and we *392 therefore further conclude that the appeal is still pending.[4]
ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.
NOTES
[1] Prior to 1977, N.D.C.C. Section 27-20-02(2) defined "delinquent act" as "an act designated a crime under the law, including local ordinances or resolutions of this state, or of another state if the act occurred in that state, or under federal law, and the crime does not fall under paragraph c of subsection 4 and is not a minor traffic offense as defined in subsection 10."

Prior to 1975, N.D.C.C. Section 27-20-02(10) defined "minor traffic offense" as "a violation of a law or local ordinance or resolution governing the operation of a vehicle upon the highways of this state, or the waterways within or adjoining the state, other than negligent homicide, manslaughter, driving or being in control of a vehicle upon a highway while under the influence of intoxicating liquor, a narcotic or a drug, driving with an open receptacle containing an intoxicating beverage in the motor vehicle, and aggravated reckless driving."
In 1975, N.D.C.C. Section 27-20-02(10) was amended. The effect of the amendment, as pertinent to the issue in this case, was to except from that definition all offenses listed in N.D.C.C. Section 39-06.1-05, rather than enumerate the traffic offenses excepted from the definition of "minor traffic offense." Because DWI was listed in Section 39-06.1-05, it remained a delinquent act under the Uniform Juvenile Court Act.
[2] B. L.'s attorney, throughout his brief and oral argument, points out what he perceives to be an inequitable discrepancy which exists where an unlicensed juvenile driver charged with DWI falls under the jurisdiction of the juvenile court while a licensed juvenile charged with the same offense appears in adult court. He claims that this situation penalizes the child who has met the requirements of the State for driving privileges by subjecting him to prosecution for a crime, while the child who does not bother to obtain a license eludes the taint of criminality under the protection of juvenile court. However, although it is true under our interpretation of the 1977 amendments to N.D. C.C. Section 27-20-02 that these two categories of juvenile offenders are subject to different judicial proceedings, it is within the wisdom of the Legislature to make this distinction.
[3] N.D.C.C. Section 27-20-09 states:

"If it appears to the court in a criminal proceeding, except for an offense transferred under section 27-20-34, that the defendant is a child, the court shall forthwith transfer the case to the juvenile court together with a copy of the accusatory pleading and other papers, documents, and transcripts of testimony relating to the case. It shall order that the defendant be taken forthwith to the juvenile court or to a place of detention designated by the juvenile court, or release him to the custody of his parent, guardian, custodian, or other person legally responsible for him, to be brought before the juvenile court at a time designated by that court. The accusatory pleading may serve in lieu of a petition in the juvenile court unless that court directs the filing of a petition."
[4] Because B. L. has already been adjudicated a delinquent on the merits of the DWI charge in juvenile court, B. L. may argue that further prosecution of this matter in Cass County court violates the policies of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. See, e. g., Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975). We need not determine this issue at this time. This issue can be more carefully considered if and when it is raised and properly briefed. State v. Allesi, 211 N.W.2d 733 (N.D. 1973).