Jerri A. BERGER, Plaintiff
and Appellant,

v.

STATE PERSONNEL BOARD and North Dakota State Soil Conservation Committee, Defendants and Appellees.

Civ. No. 920347.

Supreme Court of North Dakota.

July 1, 1993.

Fleck, Mather & Strutz, Bismarck, for plaintiff and appellant; argued by Scott K. Porsborg.

John J. Fox, Asst. Atty. Gen., State Capitol, Bismarck, for defendants and appellees.

SANDSTROM, Justice.

In this case, we address the issue of the authority of the State Personnel Board to award attorney's fees to someone who is not now and has never been a state employee.

Jerri A. Berger appeals from a district court judgment affirming the State Personnel Board's ruling that attorney's fees are not available to a prevailing party in a sex discrimination claim brought before the Board. We affirm the denial of attorney's fees to Berger.

I

Berger was a full-time cartographic aide, employed by the United States Department of Agriculture Soil Conservation Service in Bismarck. Although a federal employee, Berger worked in the offices of the North Dakota State Soil Conservation Committee (State Soil Conservation Committee) and was supervised by State Soil Conservation Committee employees. Berger applied for an Engineering Technician I position with the State Soil Conservation Committee when her employer, the United States Department of Agriculture, decided to eliminate her position. Eleven people, including Berger, interviewed for the job. Although she was highly rated, she was not selected. Claiming sex discrimination, she appealed the State Soil Conservation Committee hiring decision to the State Personnel Board.[1] A hearing officer, appointed by the Board, found that the State Soil Conservation Committee had discriminated against Berger on the basis of her sex and recommended that "the State Personnel Board instate Jerri Berger in an Engineering Technician I position within the State Soil Conservation Service...." Apparently, the State Personnel Board adopted this recommendation by order on April 14, 1992.[2] And, apparently, Berger having taken private sector employment, declined instatement in the position. The Board awarded Berger $7,580.52 in back pay and benefits. The Board rejected Berger's claim for attorney's fees, citing a lack of statutory authority to make such an award. The Board did not indicate if it would grant attorney's fees if it had the authority to do so.

Berger appealed to the district court, solely on the issue of attorney's fees. The district court affirmed the Board's order.

Berger appeals arguing that N.D.C.C. § 54-44.3-07(3) empowers the Personnel Board to award attorney's fees within the scope of the clause "the board may order any needed remedy." In interpreting this clause, Berger says we should look to N.D.C.C. § 14-02.4-20, which provides that attorney's fees may be awarded by the courts in discrimination cases brought under North Dakota's Human Rights Act.[3]

---

1. The incomplete record certified on appeal by the State Personnel Board makes review of this case unnecessarily difficult. Among the missing documents is the original complaint.

2. Although there are references to the State Personnel Board adopting this recommendation by order on April 14, 1992, that order is not included in the certified record.

3. State employees are specifically included as those who can seek relief through the courts under the North Dakota Human Rights Act:

Alternatively, Berger argues that attorney's fees can be awarded under N.D.C.C. § 28–32–21.1(1), part of the Administrative Agencies Practices Act, because the State Soil Conservation Committee acted "without substantial justification."

 N.D.C.C. § 28–32–19 sets the standard for reviewing an appeal from an administrative agency decision.[4] We review the decision of the agency, not the decision of the district court. *Schadler v. Job Service North Dakota*, 361 N.W.2d 254, 256 (N.D.1985). We affirm unless we find:

"1. The order is not in accordance with the law.

"2. The order is in violation of the constitutional rights of the appellant.

"3. Provisions of this chapter have not been complied with in the proceedings before the agency.

"4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

"5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

"6. The conclusions of law and order of the agency are not supported by its findings of fact."

N.D.C.C. § 28–32–19. Questions of law are fully reviewable. *Kallhoff v. North Dakota Workers' Comp. Bureau*, 484 N.W.2d 510, 512 (N.D.1992).

## II

 In *Hammond v. North Dakota State Personnel Board*, 332 N.W.2d 244 (N.D.1983), this Court wrestled with an ambiguous N.D.C.C. ch. 54–44.3 to determine the scope of the State Personnel Board's authority to hear appeals. "[W]e believe the legislative intent was to authorize an appeal mechanism for all classified state employees through which they could obtain a review of personnel actions including dismissals." *Hammond* at 250.

Since *Hammond*, the legislature has replaced the ambiguity by spelling out in unambiguous language the exact scope of the Personnel Board's authority to hear appeals. The 1991 legislature amended the Personnel Board's authority by enacting a new N.D.C.C. § 54–44.3–07(3) to provide that the Board shall:

"Hear, consider, and determine *appeals by nonprobationary employees in the classified service* from agency grievance procedures under section 54–44.3–12.2 related to position classifications, pay grade assignments, merit system qualification, discrimination, reprisals, reduction-in-force, forced relocation, demotion with loss of pay, suspension without pay, and dismissal. The board may assign the initial hearing of an appeal to an administrative hearing officer for the receipt of evidence and the preparation of findings of fact, conclusions of law, and a recommended decision under chapter 28–32. The board's decision on an appeal shall resolve the *issues presented between the employer and employee,* and *the board may order any needed remedy,* including affirming, modifying, or reversing the employer's decision, vacating

---

"'Employee' means a person who performs services for an employer, who employs one or more individuals, for compensation, whether in the form of wages, salaries, commission, or otherwise. 'Employee' does not include a person elected to public office in the state or political subdivision by the qualified voters thereof, or a person chosen by the officer to be on the officer's political staff, or an appointee on the policymaking level or an immediate advisor with respect to the exercise of the constitutional or legal powers of the office. Provided, 'employee' does include a person subject to the civil service or merit system or civil service laws of the state government, governmental agency, or a political subdivision."

N.D.C.C. § 14–02.4–02(4).

**4.** In *Hammond v. North Dakota State Personnel Board*, 332 N.W.2d 244 (N.D.1983), we ruled that the State Personnel Board was an administrative agency and its final orders appealable under N.D.C.C. ch. 28–32. Since *Hammond* was decided, the legislature amended N.D.C.C. § 54–44.3–07(3), providing that the "board's decision on an appeal shall resolve the issues presented between the employer and employee." Administrative Agency orders "declared final" by statute are not appealable under the terms of N.D.C.C. § 28–32–15. Berger, however, is not an employee of the state.

suspensions, directing back pay and adjustments to back pay, and reinstatement to the classified service." (Emphasis added.)

Berger's reliance on this subsection is misplaced. By its own terms, the subsection and its "any needed remedy" clause are limited to appeals "by nonprobationary employees." Berger is not now, nor was she, a state employee. Berger does not fall within the necessary category and the Board could not award Berger attorney's fees under the subsection. Additionally, and necessarily, we conclude that the Board did not have authority to hear Berger's appeal. The Board's authority to hear appeals is limited to "nonprobationary employees" and its decisions limited to issues between "employer and employee." An administrative body has the adjudicatory jurisdiction conferred by statute and jurisdiction must meet the basic mandatory provisions of statute before jurisdiction is established.[5] *Schwind v. Director, Dept. of Transp.*, 462 N.W.2d 147, 150 (N.D. 1990). Even a long-established administrative policy must be set aside if it violates the intent of statute. *Smith v. N.D. Workers Comp. Bureau*, 447 N.W.2d 250, 262 (N.D.1989). Administrative regulation may not exceed statutory authority and regulation which goes beyond what the legislature has authorized is void. *Moore v. North Dakota Workmen's Comp. Bureau*, 374 N.W.2d 71, 74 (N.D.1985). Berger was entitled to seek relief through the district court under North Dakota's Human Rights Act, N.D.C.C. ch. 14–02.4. If she prevailed, the court could award reasonable attorney's fees under N.D.C.C. § 14–02.4–20.

We appropriately do not reach the issue of whether nonprobationary state employees could be awarded attorney's fees under the subsection.

### III

Berger also argues that N.D.C.C. § 28–32–21.1 gives the Board authority to award attorney's fees.

N.D.C.C. § 28–32.21.1 provides, in part: *"Actions against administrative agencies—Attorneys' fees and costs.*

"1. In any civil judicial proceeding involving as adverse parties an administrative agency and a party not an administrative agency or an agent of an administrative agency, the court must award the party not an administrative agency reasonable attorneys' fees and costs if the court finds in favor of that party and determines that the administrative agency acted without substantial justification.

"2. This section applies to an administrative or civil judicial proceeding brought by a party not an administrative agency against an administrative agency for judicial review of a final agency order, or for judicial review pursuant to this chapter of the legality of agency rulemaking action or a rule adopted by an agency as a result of the rulemaking action being appealed."

Berger asserts that the record clearly demonstrates the State Soil Conservation Committee acted "without substantial justification" in discriminating against her. Consequently, she is entitled to attorney's fees under N.D.C.C. § 28–32–21.1(1). Her argument, however, is misplaced.

Section 28–32–21.1, N.D.C.C., refers to a court's power to award attorney's fees, not an agency's. Subsection 1 refers to a "civil judicial proceeding." An administra-

---

5. The dissent misstates the law by saying: "The State Personnel Board has 'primary responsibility ... to foster and assure a system of personnel administration in the classified service of state government.'" N.D.C.C. § 54–44.3–07 actually says: "The primary responsibility of the board is to foster and assure a system of personnel administration in the classified service of state government." The dissent's alteration of the sentence, alters its meaning. While we can say: "The primary responsibility of a Supreme Court law clerk is to research and analyze the law in North Dakota." That is far different than saying: "A Supreme Court law clerk has 'primary responsibility ... to research and analyze the law in North Dakota.'"

As the dissent develops it further transforms the initial misstatement into "the Board is charged with 'primary responsibility' to enforce discrimination laws in state employment practices."

tive proceeding before the State Personnel Board is not a civil judicial proceeding. Subsection 2 states that "[t]his section applies to an administrative or civil judicial proceeding brought by a party not an administrative agency against an administrative agency for judicial review of a final agency order...." The State Personnel Board does not perform judicial review of final agency orders. The Board cannot award attorney's fees under N.D.C.C. § 28–32–21.1. For N.D.C.C. § 28–32–21.1 judicial review, in this case, the administrative agency is the State Personnel Board, *not* the State Soil Conservation Committee.

The judgment of the district court upholding the State Personnel Board's denial of attorney's fees is affirmed.

VANDE WALLE, C.J., and NEUMANN, J., concur.

LEVINE, Justice, concurring specially.

My heart is with the dissent, but I believe the majority has correctly analyzed and construed the relevant law, particularly NDCC 54–44.3–07(3). I agree with the dissent that it is indeed "futile, inefficient and frustrating" to "eviscerat[e]" the Board's power to enforce anti-discrimination law in state hiring practices. However, I disagree that it is this Court's interpretation of the law that wreaks that dire result. Instead, it is the legislature that bears that signal responsibility. The statute really leaves no room for "construction." There is nothing ambiguous about the statutory class that is to be protected by the right to appeal. That class is identified clearly, unmistakably, as "nonprobationary employees."

I therefore concur in the majority opinion.

MESCHKE, Justice, dissenting.

I respectfully dissent. The controlling opinions construe too narrowly both the Central Personnel System Act, NDCC ch. 54–44.3, and the Human Rights Act, NDCC ch. 14–02.4, disjointing rather than harmonizing them, disemboweling the legislated powers of the State Personnel Board, and forcing a discrimination claimant into a multiplicity of proceedings for complete relief.

The controlling opinions give no effect to the relevant statutory powers and implementing regulations that were unchallenged in this appeal. The State Personnel Board has "primary responsibility ... to foster and assure a system of personnel administration in the classified service of state government." NDCC 54–44.3–07. In carrying out this function, the Board has several hearing powers. The Board is empowered both to "hold such hearings as are necessary to properly perform the duties, functions, and powers imposed on or vested in it by law" and to "[h]ear, consider, and determine appeals by nonprobationary employees in the classified service from agency grievance procedures ... related to ... discrimination." NDCC 54–44.3–07(1), (3). To exercise its powers in different kinds of discrimination cases, the Board has combined its procedures into a single set of regulations for "Appeals of Discrimination." NDAC 59.5–03–04.[1] "An employee shall complete the employing agency's internal grievance procedure prior to submitting an appeal to the board for an appeal hearing. Job applicants may appeal directly to the board." NDAC 59.5–03–04–02(1). This case arises from a direct appeal by a job applicant who was discriminated against in hiring.

When first enacted in 1975, the Central Personnel System Act prohibited discrimination in hiring: "All appointments and promotions to positions in the state classified service must be made without regard to sex...." NDCC 54–44.3–01. "No discrimination may be exercised, threatened,

---

1. NDAC 59.5–03–04–01 says:

 Scope of chapter. This chapter applies to job applicants for positions in the classified service and to classified employees regardless of status who want to appeal discrimination in employment because of sex, race, color, national origin, age, handicapped condition, or religious or political opinions or affiliations. Additionally, this chapter applies to job applicants and classified employees regardless of status in the merit system who want to appeal discrimination on any nonmerit factor.

or promised by any person in the employ of any division of the service ... against or in favor of any applicant ... because of sex...." NDCC 54–44.3–22. The Board and its director are empowered to "[e]stablish general policies, rules, and regulations, subject to the approval of the board, which are binding on the agencies affected ..." to "provide for ... (e) [e]nsuring fair treatment and compliance with equal employment opportunity and nondiscrimination laws." NDCC 54–44.3–12(1). Clearly, the Legislature intended to empower the Central Personnel Board, in addition to remedying discrimination in promotions, transfers and treatment of existing employees, to remedy discrimination in hiring practices and appointments to positions.

When the Human Rights Act was later enacted in 1983, it particularized discriminatory practices. It also applied to all state employees except elected officials and their policy-making employees or immediate advisors: "Provided, 'employee' does include a person subject to the civil service or merit system or civil service laws of the state government...." NDCC 14–02.4–02(4). " 'Employer' means a person within the state who employs one or more employees for more than one quarter of the year...." NDCC 14–02.4–02(5). NDCC 14–02.4–02(11) defines "person" to include "the state and a political subdivision and agency thereof."

The Human Rights Act declares: "It is a discriminatory practice for an employer to fail or refuse to hire a person ... because of ... sex...." NDCC 14–02.4–03. The Act defines the remedies needed for relief from discriminatory practices. NDCC 14–02.4–20. *See* NDCC 1–01–09 (definition of word or phrase in any statute applies to same word or phrase in subsequent statute, unless contrary intention plainly appears); NDCC 1–02–03 (words and phrases defined by statute must be construed according to that definition). Included in NDCC 14–02.4–20 are the remedies of backpay and reasonable attorney fees, both appropriate and needed to remedy hiring discrimination.

These complementary provisions in NDCC ch. 14–02.4 give meaning to the State Personnel Board's powers. For discrimination against both applicants and personnel, the Board has "primary responsibility." *Amerada Hess Corp. v. Conrad*, 410 N.W.2d 124, 130 (N.D.1987) and 2 AmJur2d *Administrative Law* § 795 (1962), teach that primary jurisdiction in an agency precludes resort to the courts until the matter has been decided by the responsible administrative agency.

Title VII on Civil Rights, which includes sex discrimination, defers to state-agency jurisdiction "[i]n the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice...." 42 U.S.C. § 2000e–5(c). "Because Congress has cast the Title VII plaintiff in the role of 'a private attorney general,' vindicating a policy 'of the highest priority,' a prevailing plaintiff 'ordinarily is to be awarded attorney's fees in all but special circumstances.' " *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 63, 100 S.Ct. 2024, 2030, 64 L.Ed.2d 723 (1980) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)). *See also Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968). *New York Gaslight* held that Title VII authorizes a federal-court action solely to recover attorney fees for work done by the prevailing complainant in state-administrative proceedings to which the prevailing complainant is referred by Title VII. In view of this supreme law of the land, the controlling opinions' evisceration of the Board's power to enforce the prohibition of discrimination in state employee-hiring practices is a futile, inefficient, and frustrating interpretation that ignores "a policy that Congress considered of the highest priority," *Piggie Park Enterprises*, 390 U.S. at 402, 88 S.Ct. at 966, and that the Legislature implemented in the State Personnel Board chapter.

When several statutes relate to the same subject, every effort should be made to give meaningful effect to each, without rendering one or the other useless. *Hospital Services, Inc. v. Brackey*, 283 N.W.2d 174, 177 (N.D.1979). With the modern trend favoring alternative dispute resolution, *see Little v. Tracy*, 497 N.W.2d 700 (N.D.1993), it makes no sense to relegate applicants for state personnel positions to the courts for piecemeal relief from hiring discrimination, when the Board is charged with "primary responsibility" to enforce discrimination laws in state employment practices.

We construe statutes on the same subject together, in order to harmonize them. NDCC 1-02-07; *Newland v. Job Service North Dakota*, 460 N.W.2d 118 (N.D.1990). To ascertain legislative intent, we look to all statutes on the same subject and harmonize them where possible. *In Interest of B.L.*, 301 N.W.2d 387, 390 (N.D.1981). *See also Strecker v. Grand Forks County Soc. Serv. Bd.*, 640 F.2d 96 (8th Cir.1980), *panel majority opinion adopted on reh'g en banc* (1981) (Title VII on Civil Rights and the Equal Pay Act must be construed together and in harmony). The entire statute is intended to be effective, and compliance with the constitution and laws of the United States is intended. NDCC 1-02-38. We should apply these basic principles of statutory interpretation here. Therefore, I would hold that attorney fees are authorized and available to a prevailing applicant in a sex-discrimination claim decided by the State Personnel Board.

I would remand with directions that the district court remand to the Board for a decision on awarding attorney fees in this case. Of course, under *New York Gaslight*, 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723, Berger will have recourse to the federal courts to recover her attorney fees for the work done in these proceedings. Unfortunately, that course will only compound the costs to the state agency responsible here.