CARPENTER and others, Appellants, vs. TOWN OF SPRING GREEN, imp., Respondent.

*March 7—April 11, 1939.*

For the appellants there was a brief by *Hill, Miller & Hill* of Baraboo, and oral argument by *James H. Hill, Sr.,* and *James H. Hill, Jr.*

For the respondent there was a brief by *Langer, Gessner & Dana* of Baraboo, and oral argument by *H. M. Langer* and *Warren M. Dana.*

NELSON, J. The undisputed facts show that the town of Spring Green discontinued a highway upon which, many years before, there had been constructed by the town three iron bridges with plank floors. The bridges spanned depressions which permitted flood waters from the Wisconsin river at high-water stages to escape. The highway was at first a town highway. Later on it became a part of State Trunk Highway No. 11 and still later it was known as United States Highway No. 14. In 1926, United States Highway No. 14 was relocated with the result that so much of that highway as is now involved in this controversy was abandoned and reverted to the town of Spring Green. Thereafter, until its discontinuance in the fall of 1937, it was used as a town highway.

Sec. 80.32 (3), Stats., provides:

"When any highway shall be discontinued the same shall belong to the owner or owners of the adjoining lands; if it shall be located between the lands of different owners it shall be annexed to the lots to which it originally belonged if that can be ascertained; if not it shall be equally divided between the owners of the lands on each side thereof."

That statute, in substantially its present form, was enacted by sec. 87, ch. 152, Laws of 1869, and has never been amended in any material way. Although it has been in effect for nearly eighty years, this is the first case in which the question of the ownership of a bridge on a discontinued highway has arisen.

The question for decision is whether bridges or like structures which are a part of a highway at the time of its discontinuance belong to the town or to the owners of the adjoining lands.

Sec. 80.32 (3), Stats., clearly and unambiguously provides that when any highway shall be discontinued the same shall belong to the owner or owners of the adjoining lands. The section contains no exceptions as to bridges, culverts, or other similar structures, all of which are obviously parts of the highway on which they exist. Sec. 370.01 (5), of the chapter relating to the construction of statutes, provides:

"The word 'highway' may be construed to include all public ways and thoroughfares and all bridges upon the same."

A bridge has always been considered to be a part of the public highway on which it exists. *State ex rel. Neeves v. Wood County,* 72 Wis. 629, 40 N. W. 381; *McDonald v. Ashland,* 78 Wis. 251, 47 N. W. 434; *Baraboo v. Dwyer,* 166 Wis. 372, 165 N. W. 297; *Leannah v. Green Bay,* 180 Wis. 84, 192 N. W. 388. Opinions of two attorneys general are cited for our consideration. XVIII Op. Atty. Gen. 570, and XXI Op. Atty. Gen. 897. Both opinions dealt with the ownership of bridges on abandoned highways. In the first opinion, rendered October 24, 1929, the then attorney general

said, regarding the right of the highway commission to salvage bridge structures on banks of two highways abandoned as a result of relocations:

"Assuming that the abandoned pieces of highway on which the bridges are located have been effectively discontinued within the meaning of section 80.32, Stats., 'the same shall belong to the owner or owners of the adjoining lands.' "

In the second opinion, the then attorney general said respecting a bridge which was on a highway which had been abandoned on a highway relocation and had gone back to the owner:

"In view of the above authorities [*Raulf Co. v. Harris,* 195 Wis. 311, 218 N. W. 206; 11 R. C. L. 1080], we are of the opinion that the bridge in question was subject to sale by the highway commission and may be removed as personal property. The opinion in XVIII Op. Atty. Gen. 570, we believe is not applicable, as there the bridge had been abandoned as well as the highway."

Neither of those opinions dealt with a highway which had been discontinued by the town. The first opinion was based upon the statute, sec. 80.32 (3). The second opinion ignored the statute and followed the law of trade fixtures, which the courts have applied to railroads. It is generally held that when a railroad company abandons its right of way it may remove its rails, ties, and bridges. 11 R. C. L. 1080.

In 1923, the legislature enacted sec. 87.16, Stats., which provides:

"Whenever, in the *construction or reconstruction* of any highway or highway bridge or other structure, any bridge or road material shall be removed which is suitable for highway use or has a market value, such bridge, structure or material shall be considered as the property of the state or subdivision thereof which furnished the funds for such construction work. If said materials cannot be used directly in the construction work they may be disposed of by the authorities having charge of the construction work in such manner, as in their judgment is for the best interest of the public, and any money received therefor shall be paid into the construction fund."

This statute was no doubt enacted for the purpose of clarifying the law regarding the ownership or disposition of bridges when "construction or reconstruction" was involved. Disputes concerning such bridges had theretofore arisen. See VII Op. Atty. Gen. 508 (1918); VIII Op. Atty. Gen. 8, 646 (1919).

It is conceded by both parties that sec. 87.16, Stats., has no application to the present controversy. It obviously does not apply to a bridge on a discontinued highway. It does, however, show that the legislature saw fit to provide what may be done with a bridge which is replaced by a new bridge or with the materials of a bridge which is reconstructed.

By virtue of the provisions of sec. 80.32 (3), Stats., at the moment when the highway in question became effectively discontinued, it belonged to the owners of the adjoining lands. In order to uphold the judgment of the circuit court we should have to say that whenever a highway is discontinued it should be broken up into its component parts,—land, grading, and bridges,—and hold that only the land and grading belong to the adjoining owners and that the bridges, which immediately theretofore were a part of the highway, belong to the town. We cannot read out of the plain words of the statute a meaning which would permit of such a construction.

It is our opinion that when the highway in question was discontinued, it became the property of the adjoining landowners, and that the highway included the bridge structures thereon. Since the judgment must be reversed, it becomes unnecessary to consider the question of damages raised by the motion of the town of Spring Green for review.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in favor of the plaintiffs according to the demand of their complaint.

FRITZ, J., dissents.