Ed BRENNA, Henry Shane, and William Block, as the Commissioners of the Grand 'Forks County Drainage Board, Plaintiffs and Respondents,

v.

Walter R. HJELLE, as the Commissioner of the North Dakota State Highway Department, Defendant and Appellant.

Civ. No. 8474.

Supreme Court of North Dakota.

Sept. 19, 1968.

Rehearing Denied Oct. 15, 1968.

Stokes, Vaaler, Gillig & Warcup, Grand Forks, for plaintiffs and respondents.

Helgi Johanneson, Atty. Gen., and Vernon R. Pederson, Special Asst. Atty. Gen., Bismarck, for defendant and appellant.

Wattam, Vogel, Vogel, Bright & Peterson, Fargo, amicus curiae.

STRUTZ, Justice, on reassignment.

The Board of Drainage Commissioners of Grand Forks County established Grand Forks County Drain No. 13a in Levant Township, Grand Forks County. The drainage ditch, as laid out, crossed U. S. Highway No. 81. The State Highway Department was notified that it was necessary to install a bridge or culvert where the drain crosses the highway, but the Highway Department refused to provide such bridge or culvert on the ground that Section 61–21–31, North Dakota Century Code, does not require the department to pay such costs; that if this section is interpreted as requiring payment by the Highway Department, however, such statute is invalid in that it violates the provisions of Article 56 of the Amendments to the North Dakota Constitution.

Section 61–21–31, so far as it is pertinent to this action, provides:

"Drains may be laid along, within the limits of, or across any public road or highway, but not to the injury of such road. In instances where it shall be necessary to run a drain across such highway, the state highway department, board of county commissioners, or the board of township supervisors, as the case may be, when notified by the board to do so, shall make necessary openings through such road or highway, and shall build and keep in repair all suitable culverts or bridges at its own expense, as provided under the applicable provisions of section 61–21–32. * * *"

Article 56 of the Amendments to the Constitution of the State of North Dakota, which the appellant contends is being violated by the above statute, reads as follows:

"1. Revenue from gasoline and other motor fuel excise and license taxation, motor vehicle registration and license taxes, except revenue from aviation gasoline and unclaimed aviation motor fuel refunds and other aviation motor fuel excise and license taxation used by aircraft, after deduction of cost of administration and collection authorized by legislative appropriation only, and statutory refunds, shall be appropriated and used solely for construction, reconstruction, repair and maintenance of public highways, and the payment of obligations incurred in the construction, reconstruction, repair and maintenance of public highways."

As indicated, the appellant makes two contentions. First, he argues that Section 61–21–31 of the North Dakota Century Code does not require the Highway Department to pay for the costs in issue here because that section says that the respective agencies shall make the necessary openings, etc., at their own expense, "as provided under the applicable provisions of section 61–21–32,"

and that that section does not make any provision for the Highway Department to pay any part of those costs. The appellant further contends that, even if the cost of such culverts or bridges is to be paid by the Highway Department, highway moneys cannot be used for such purposes because the building of such culverts and bridges would not be beneficial to the highway, and the spending of highway funds for such purposes would be a violation of Article 56 of the Amendments to the North Dakota Constitution.

 The trial court entered judgment for the plaintiffs, and the defendant has appealed to this court, demanding trial de novo.

We find the first contention of the appellant to be without merit. Section 61–21–31 provides that where it shall be necessary to run a drain across a State highway, the State Highway Department, when notified by the board to do so, shall make necessary openings through such highway and shall build and keep in repair all suitable culverts and bridges at its own expense. A reading of Section 61–21–32 discloses that its provisions apply only to those cases where a drain crosses private land or a township or a county road. It does not even mention State highways or the State Highway Department. This section covers two situations, the first part providing that the board of drainage commissioners shall pay all expenses where it constructs a bridge or a culvert to furnish passage of a drain from one part to another of a private farm or tract of land, and the second part dealing with the participation in the payments to be made when such drainage system intersects any part of a township or county highway. Nowhere does it provide for payment of the expense where the drain crosses a State highway. Section 61–21–31, however, does provide that, in such event, suitable culverts and bridges shall be provided at the expense of the State Highway Department. We therefore construe Section 61–21–32, upon which the appellant relies, as not applying

to a situation where a drain crosses a State highway.

In arriving at this result, we have applied the rule which was announced in Grabow v. Bergeth, 59 N.D. 214, 229 N.W. 282 (1930), where we held that in determining the meaning of a statute a construction should be adopted, if possible, that will give meaning to every word, clause, and sentence in the enactment. Both Section 61–21–31 and Section 61–21–32 originally were portions of the same legislative enactment. Thus both of them must be read together and, if possible, given meaning. In doing this, we construe the provisions of Section 61–21–32 as not applying to the provisions of Section 61–21–31, requiring the State Highway Department to pay the expense of running a drain across a State highway.

The appellant next contends that, even though Section 61–21–31 might require the Highway Department to pay for such culverts and bridges, highway funds may not be used for that purpose since such culverts and bridges are not necessary for the purposes of the highway, and use of highway funds for building them would be in violation of Article 56 of the Amendments to the North Dakota Constitution. Our next consideration, therefore, is the validity of Section 61–21–31.

■ Section 61–21–31, North Dakota Century Code, is a regularly enacted Act of the Legislative Assembly, and, as such, it may be held invalid by this court only if at least four of the judges of this court so decide. Sec. 89, N.D.Constitution. This court must assume that any Act of the Legislative Assembly is constitutional, and any doubt as to its validity must, if possible, be resolved in favor of the validity of the Act. State ex rel. Johnson v. Baker, 74 N.D. 244, 21 N.W.2d 355 (1945); Montana-Dakota Utilities Co. v. Johanneson, 153 N.W.2d 414 (N.D.1967).

■ Every reasonable presumption is in favor of the constitutionality of any law,

and such presumption is conclusive in the absence of clear proof to the contrary. Menz v. Coyle, 117 N.W.2d 290 (N.D. 1962); International Printing Pressmen and Assist. Union of North America v. Meier, 115 N.W.2d 18 (N.D.1962); State v. Gamble Skogmo, Inc., 144 N.W.2d 749 (N.D.1966); Montana-Dakota Utilities Co. v. Johanneson, supra.

■ Where the language of a statute is clear, certain, and unambiguous, the only duty of the courts is to give effect to the legislative intent expressed therein, and, if such statute does not violate some provision of our Constitution, the courts must give effect to the law. Asbury Hospital v. Cass County, 72 N.D. 359, 7 N.W.2d 438 (1943).

■ Revenue from taxes on gasoline and other motor fuels, excise and license taxation, and motor vehicle registration and license taxes has been dedicated by Article 56, Amendments to the North Dakota Constitution, solely for the construction, reconstruction, repair, and maintenance of public highways since June 1940. Section 61–21–31, North Dakota Century Code, which is the statute before us on this appeal, was first enacted as Chapter 347 of the Session Laws of 1955. It therefore must be assumed that the Legislature enacted the law with the full knowledge of existing conditions and that it considered the provisions of Article 56 of the Amendments to the Constitution. 82 C.J.S. Statutes § 316a, p. 540.

■ The question for this court to determine on this appeal is simply whether bridges and culverts, as provided for in Section 61–21–31, North Dakota Century Code, which will enable drains to be constructed across roads and highways, are a part of the road or highway. The appellant contends that such bridges and culverts do not benefit the highway and thus, since they are unnecessary so far as the construction and maintenance of the highway are concerned, any money spent in constructing or maintaining them would be spent in viola-

tion of the provisions of Article 56. We cannot agree with this conclusion. Whether bridges or culverts are beneficial to a highway, or whether the road would be as good and efficient without them, does not determine whether they are a part of the highway. All that Article 56 requires is that moneys from the sources mentioned therein be used solely for construction, reconstruction, repair, or maintenance of public highways. Our only question is whether such bridges and culverts would be a part of the highway, not whether they would benefit the highway.

Any bridge, in whatever shape or form, has always been considered a part of the ordinary road. It is the road, as it is carried across the river, a low spot, or rough terrain. While bridges and culverts are not synonymous, a bridge being a part of the highway to carry it over water or rough spots, and a culvert being a conduit for passage of water under the highway, both generally have been considered as a part of the road. In fact, the appellant does not contend that bridges and culverts which are necessary in the construction of a road are not a part of the highway on which such bridges and culverts are located. He merely contends that the bridges and culverts required to carry a drain across a highway are not necessary in the construction of the highway, and therefore moneys spent on them cannot be considered as being spent for the construction of the highway.

Courts have almost universally held that bridges and culverts are a part of highways. Carpenter v. Town of Spring Green, 231 Wis. 72, 285 N.W. 409 (1939); Heinlein v. Allegheny County, 374 Pa. 496, 98 A.2d 36 (1953); Town of Springfield v. Newton, 115 Vt. 39, 50 A.2d 605 (1947); County of Los Angeles v. General Telephone Co. of Cal., 249 Cal.App.2d 1023, 57 Cal.Rptr. 805 (1967).

 The mere fact that bridges or culverts are necessary and required because of the construction of a drain, rather than

because of the presence of a regular watercourse or rough spot in the terrain, would not, in our opinion, alter the fact that such bridges or culverts would be a part of the highway. And, since they are a part of the highway, moneys spent to construct or maintain them, as required by Section 61–21–31, North Dakota Century Code, would not be spent in violation of the provisions of Article 56, Amendments to the North Dakota Constitution.

For reasons stated in this opinion, the judgment of the trial court is affirmed.

TEIGEN, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.