STATE of North Dakota, Plaintiff and Appellee,

v.

Timothy UNTERSEHER, Defendant and Appellant.

Crim. No. 686.

Supreme Court of North Dakota.

Feb. 14, 1980.

Tom Tuntland, State's Atty., Mandan, for plaintiff and appellee; argued by James Johnson, Asst. State's Atty., Mandan.

Ralph A. Vinje, Bismarck, for defendant and appellant.

PEDERSON, Justice.

Timothy Unterseher was found guilty of delivery of a controlled substance in violation of §§ 19–03.1–07(4)(a) and 19–03.1–23(1)(b), NDCC, by a jury, and on this appeal claims the trial court erred in refusing to give two requested instructions relating to the defense of entrapment. We find no error. The conviction is affirmed.

Unterseher requested that the jury be instructed that:

"Entrapment can occur in either of two distinct ways:

The first occurs when the law enforcement officer uses persuasion to induce the commission of an offense.

The second occurs when a law enforcement officer uses other means which are likely to cause normally law-abiding persons to commit the offense." [Requested Jury Instruction No. 4.]

"You are instructed that if you find that a law enforcement officer did use persuasion to induce the commission of the offense, that means which are likely to cause normally law-abiding persons to commit an offense have occurred; therefore entrapment has occurred and you must find the Defendant not guilty." [Requested Jury Instruction No. 5.]

The trial court refused to give those instructions but, instead, gave the following:

"The law of North Dakota provides that entrapment is an affirmative defense to the commission of a crime.

"Entrapment occurs when a law enforcement agent induces the commission of an offense, using persuasion or other means likely to cause normally law-abiding persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

"Thus, under North Dakota law, entrapment exists when the following two factors occur:

(1) A law enforcement agent induces the commission of the crime; and

(2) The method by which the law enforcement agent induces the commission of the crime is a method 'likely to cause normally law-abiding persons to commit the offense.'

"You are further instructed that under North Dakota law the Defendant's predisposition to commit a crime is not rele-

vant to the question of entrapment and is not to be considered by you."

The difference in the requested jury instructions and the ones given is that, under Unterseher's requested instructions, if persuasion is used to induce the commission of the offense, entrapment has occurred without regard to whether or not the method used was "likely to cause normally law-abiding persons to commit the offense."

In support of his argument that the court erred in refusing to give the instructions he requested, and in giving other instructions, Unterseher supplied the following sentence diagram of the first sentence in § 12.1–05–11(2), NDCC:

SENTENCE DIAGRAM
OF THE FIRST SENTENCE
PARAGRAPH #2.
12.1–05–11  N.D.C.C.

10-29-79

The diagram was prepared by Rita A. Johnson, an English instructor at Bismarck High School, as was the following explanation:

"The sentence in question has a base clause which is modified by an adverb subordinate clause. This subordinate clause has a direct object modified by a prepositional phrase, which in turn is modified by a participial phrase.

"The participle in the phrase has a compound object, the second of which is modified by the infinitive construction: 'to cause normally law-abiding persons to commit the offense.'

"In other words, 'to cause a normally law-abiding person to commit the offense,' refers only to 'means', as opposed to 'persuasion'.

"This statute says, in effect, 'entrapment occurs when a law enforcement agent induces the commission of an offense using persuasion. Entrapment also occurs when a law enforcement agent induces the commission of an offense using (other) means which are likely to cause normally law-abiding persons to commit the offense.'

"This statute does *not* say grammatically that, 'entrapment occurs when a law enforcement agent induces the commission of an offense using persuasion of the compelling nature necessary to cause normally law-abiding persons to commit the offense.'" [Emphasis in original.]

We intend no criticism of Rita in reaching a contrary conclusion. However, rules of grammar are just one thing we

look at in the construction of a statute. For example, a limiting phrase or clause is to be restrained to the last antecedent *unless the subject matter or context indicates a different legislative intent. Kohler v. Stephens,* 74 N.D. 655, 24 N.W.2d 64 (1946).

Courts are required to construe the provisions of the law of this state and all proceedings under it, "liberally, with a view to effecting its objects and to promoting justice." Section 1–02–01, NDCC. Words are to be understood in their ordinary sense, except when a contrary intent plainly appears. Section 1–02–02, NDCC. Language is to be construed not only according to rules of grammar, but also according to the context and usage; and when words and phrases have acquired a peculiar and appropriate meaning in law, they shall be construed according to that peculiar and appropriate meaning. Section 1–02–03, NDCC.

The Legislature has provided us with standards for use in our search for what the Legislature meant. For example, we are to presume that the Legislature intended a just and reasonable result. See §§ 1–02–38 and 1–02–39, NDCC, and *North Am. Coal Corp. v. Huber,* 268 N.W.2d 593 (N.D.1978). In discussing the rules of construction of the language of a statute, we recently said:

"If the language of a statute is of doubtful meaning, or if adherence to the strict letter of the statute would lead to injustice, absurdity, or contradictory provisions, a duty descends upon the courts to ascertain the true meaning." *Barnes Cty. Ed. Ass'n v. Barnes Cty. Sp. Ed.,* 276 N.W.2d 247, 249 (N.D.1979).

■ Even though Unterseher argues that there is no ambiguity in the language of the entrapment statute when interpreted under strict rules of grammar, we cannot overlook the fact that no one, to our knowledge, has heretofore suggested the interpretation that he urges upon us. That is not to say that being repeatedly wrong makes you right.

We interpreted the words in § 12.1–05–11(2) for the first time in *State v. Pfister,* 264 N.W.2d 694 (N.D.1978). Justice Paulson, in authoring *Pfister,* treated the phrase "likely cause normally law-abiding persons to commit the offense," as modifying both "persuasion" and "other means." The same can be said of Justice Sand's opinion in *State v. Mees,* 272 N.W.2d 284 (N.D.1978). See also, *State v. Folk,* 278 N.W.2d 410 (N.D.1979), and *State v. Bartkowski,* 290 N.W.2d 218 (N.D.1980).

As was explained by Justice Paulson in *Pfister,* our Legislature, in enacting § 12.1–05–11, used the language of § 702 of the proposed Federal Criminal Code. The Working Papers of the National Commission on Reform of Federal Criminal Laws disclose an intent that predisposition be eliminated as an issue in entrapment cases.

The words which eliminate predisposition as an issue are: "likely to cause normally law-abiding persons to commit the offense." If we construe the language as Unterseher suggests and conclude that that modifying clause has no application to "persuasion," the apparent result would be that the predisposition of the defendant would again be an issue when the claimed entrapment was based on persuasion rather than "other means" of inducement.

Surely the National Commission on Reform of Federal Criminal Laws and its prestigious consultants and professional staff were well versed in the rules of grammar and were aware that this is just one thing a court considers in the construction of a statute.

As we said in *State v. Folk, supra,* 278 N.W.2d at 414:

"An instruction on entrapment under present North Dakota law, which would omit reference to 'law-abiding persons' when evaluating the 'persuasion or other means utilized,' might be erroneous."

Under the circumstances of this case, it would have been error to give the instructions requested. The instructions given were adequate. There was no error. The judgment and conviction are affirmed.

ERICKSTAD, C. J., and VANDE WALLE, SAND and PAULSON, JJ., concur.