**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Robert BRANDON, Defendant and Appellant.**

Crim. No. 1181.

Supreme Court of North Dakota.

Sept. 29, 1987.

Robert G. Hoy, State's Atty., Fargo, for plaintiff and appellee.

Garaas Law Firm, Fargo, for defendant and appellant; argued by Jonathan T. Garaas.

GIERKE, Justice.

On May 9, 1986, Robert Brandon appeared before the East Central District Court and entered a plea of guilty to the charge of armed robbery. After the court had accepted his plea, Brandon's counsel argued that the district court maintained the discretionary power, recognized by Chapter 12–53, N.D.C.C., to suspend any portion or all of Brandon's sentence because of the particular circumstances involved in his case. Brandon argued that the court's sentence-suspending power applied in this case, despite Section 12.1–32–02.1, N.D.C.C., which requires minimum prison sentences for armed offenders. The district court held that Chapter 12–53, N.D.C.C., did not apply in this case and that it was without any discretion under Section 12.1–32–02.1, N.D.C.C., to suspend Brandon's sentence. Brandon was sentenced to four years at the North Dakota State Penitentiary pursuant to Section 12.1–32–02.-1(1), N.D.C.C.

Brandon appeals his sentence, asserting that the district court erred in its interpretation of these two statutes since it was within the court's power to suspend Brandon's sentence despite the provisions of Section 12.1–32–02.1(1), N.D.C.C. We affirm the decision of the district court.

Robert Brandon is a former deputy sheriff of Cass County, North Dakota, with a long and distinguished background in law enforcement. On January 30, 1986, Robert Brandon entered Prairie Public Bingo in Fargo wearing a dark-colored jacket, dark green trousers, gloves on his hands and a stocking mask pulled down over his face. Brandon carried a customized .357 Smith and Wesson revolver. Although the handgun was not loaded, Brandon carried the gun in recognized "weapon handling positions" that are taught to law enforcement officers and brandished his weapon in such a way that the two employees remaining in Prairie Public Bingo were intentionally intimidated by Brandon's use and the presence of the pistol. The robbery occurred shortly before 11:00 p.m., when the shift change for patrol officers in the Fargo Police Department occurs. It is estimated that nearly eight thousand dollars ($8,000.00) was stolen from Prairie Public Bingo that evening.

On February 14, 1986, after an investigation conducted by the Fargo Police Department, Brandon was taken into custody and during the early morning hours of February 15, 1986, Brandon provided the police investigators with a complete written confession of the crime. Brandon was then arrested and charged with robbery in violation of Section 12.1–22–01, N.D.C.C. Section 12.1–22–01, N.D.C.C., defines robbery as a theft whereby a person, in the course of committing the theft, inflicts or attempts to inflict bodily injury upon another, or threatens or menaces another with imminent bodily injury. Brandon's action was charged as a class B felony, punishable by a maximum penalty of ten (10) years' imprisonment, a fine of ten thousand dollars ($10,000.00), or both. Section 12.1–32–01, N.D.C.C. On March 4, 1986, Brandon appeared before the district court and entered a plea of not guilty. On May 9, 1986, in return for Brandon's guilty plea, the State recommended the mandatory-minimum sentence term required under Section 12.1–32–02.-1(1), N.D.C.C.,[1] which is four years. The State also agreed to permit Brandon, through his counsel, to argue for a suspension of his sentence in accordance with Chapter 12–53, N.D.C.C.[2]

On appeal, Brandon contends that the mandatory-minimum sentencing standards established in Section 12.1–32–02.1, N.D.C.C., do not preclude the trial court from sentencing a defendant pursuant to that statute and then suspending the defendant's sentence pursuant to the provisions of Chapter 12–53, N.D.C.C. Simply stated, the question argued by Brandon involves an interpretation of the two statutes and a determination of whether the courts of North Dakota possess the power to suspend sentences imposed for crimes committed by armed offenders which require a minimum prison term pursuant to Section 12.1–32–02.1, N.D.C.C. The district court judge determined that he could not suspend Brandon's sentence and was required to follow the directives of Section 12.1–32–02.-1, N.D.C.C. Accordingly, Robert Brandon was sentenced to four years in the North Dakota State Penitentiary.

Brandon contends that the trial court has discretion under Chapter 12–53, N.D.C.C., to suspend all or any portion of a mandatory four-year term of imprisonment imposed in accordance with Section 12.1–32–02.1(1), N.D.C.C., which mandates the imposition of a minimum sentence of four years' imprisonment on any armed offender convicted of a class B felony. We believe that in enacting Section 12.1–32–02.1, N.D.C.C., the Legislature has removed all discretionary power from the trial court as to the minimum sentence to be imposed and served by an individual whose crime falls within the provisions of the statute.

The Legislature of the State of North Dakota may, in a valid exercise of its police power, define what acts shall constitute criminal offenses and set maximum and minimum sentencing guidelines for violation of our criminal statutes. *State v. Moore,* 286 N.W.2d 274, 278 (N.D.1979), *cert. denied,* 446 U.S. 943, 100 S.Ct. 2170, 64 L.Ed.2d 799 (1980), citing *State v. Gronna,* 79 N.D. 673, 59 N.W.2d 514 (1953); *see also* Annotation, Validity of Statutes Prohibiting or Restricting Parole, Probation, or Suspension of Sentence in Cases of Violent Crimes, 100 A.L.R.3d 431, § 2 (1980); 21 Am.Jur.2d Criminal Law § 606 (1981) (the Legislature may prescribe maximum and minimum penalties for a criminal offense). A trial court has both the power and duty to impose a particular sentence within the limits of the maximum and minimum penalty prescribed by statute for the particular offense. *State v. Taylor,* 70 N.D. 201, 212, 293 N.W. 219, 225 (1940); *see also* 24B C.J.S. Criminal Law § 1991 (1962) (particular kinds of sentences and punishment).

Section 12.1–32–02.1 of the North Dakota Century Code provides:

---

**1.** Section 12.1–32–02.1, N.D.C.C., requires a court to impose a minimum sentence of four years' imprisonment for an armed offender convicted of a class B felony.

**2.** Chapter 12–53, N.D.C.C. (§§ 12–53–01 through 12–53–20, N.D.C.C.), embodies the legislative recognition of the judiciary's power to suspend the execution of sentences and delay the imposition of sentences.

*"Minimum prison terms for armed offenders.* Notwithstanding any other provisions of this title, minimum terms of imprisonment shall be imposed upon an offender and served without benefit of parole when, in the course of committing an offense, he inflicts or attempts to inflict bodily injury upon another, or threatens or menaces another with imminent bodily injury with a dangerous weapon, an explosive, or a firearm. Such minimum penalties shall apply only when possession of a dangerous weapon, an explosive, or a firearm has been charged and admitted or found to be true in the manner provided by law, and shall be imposed as follows:

1. If the offense for which the offender is convicted is a class A or class B felony, the court shall impose a minimum sentence of four years' imprisonment.

2. If the offense for which the offender is convicted is a class C felony, the court shall impose a minimum sentence of two years' imprisonment.

"This section applies even when being armed is an element of the offense for which the offender is convicted."

Thus, the Legislature has provided that the court shall impose a minimum prison term of four years for any armed offender convicted of a class B felony. Section 12.1–32–02.1(1), N.D.C.C.; cf. Section 12.1–32–01(3), N.D.C.C. (the maximum penalty for a class B felony is ten years' imprisonment, a ten thousand dollar fine, or both).

In addition, our Legislature has, through Chapter 12–53, N.D.C.C., statutorily recognized the power of the court to utilize its discretion when determining whether to suspend the execution of an individual's sentence. Section 12–53–01, N.D.C.C., provides:

*"When sentence for misdemeanor or felony may be suspended.* When a defendant has pleaded or has been found guilty of a crime for which the court or magistrate may sentence him either to the penitentiary or to the county jail, the court or magistrate may suspend the execution of the sentence imposed, in the manner provided in this chapter, if it shall appear:

1. That the character of the defendant and the circumstances of the case are such that he is not likely again to engage in an offensive course of conduct; and

2. That the public good does not demand or require that the defendant shall suffer the penalty imposed by law.

"Sentencing under the provisions of this section shall be preferred to other forms of sentencing."

Also, the manner for suspending a sentence for a felony is established in Section 12–53–06, N.D.C.C., which provides:

*"When sentence for felony suspended court must place defendant on probation.* When a defendant has been found guilty of a felony for which the sentence may be suspended under this chapter, if the facts set forth in section 12–53–01 appear and the court shall suspend the sentence, the order suspending such sentence shall provide that the defendant shall be placed on probation upon such terms and conditions as the court may determine. The effect of the order suspending the sentence and placing the defendant on probation shall be to place said defendant under the supervision and management of the pardon board, subject to the rules and regulations established by the court."

Thus, the general rule in a felony case is that a court may suspend all or any portion of a sentence and place a defendant on probation where it is unlikely that the offensive conduct will reoccur and there is no public reason to require the defendant to suffer the penalty imposed by law.

In this instance Brandon was convicted by plea of guilty of the crime of armed robbery, a class B felony. The trial court determined that Chapter 12–53, N.D.C.C., did not apply in this case and that it was without discretion under the mandatory-minimum sentencing guidelines provided in Section 12.1–32–02.1, N.D.C.C., to suspend Brandon's sentence. Thereafter, Brandon was sentenced to four years' imprisonment

pursuant to Section 12.1–32–02.1(1), N.D. C.C.

Brandon concedes that the trial court must, pursuant to Section 12.1–32–02.1, N.D.C.C., sentence him to at least four years' imprisonment. However, Brandon contends that any term of imprisonment imposed is subject to suspension pursuant to Chapter 12–53, N.D.C.C. Thus, the interplay between Chapter 12–53 and Section 12.1–32–02.1 lies at the heart of this dispute.

We are required to harmonize statutes wherever fairly possible. *State v. Nace,* 371 N.W.2d 129, 132 (N.D.1985); *see* Section 1–02–07, N.D.C.C.[3] When there is an irreconcilable conflict between a general statutory provision and a special statutory provision, the special statute shall prevail and be construed as an exception to the general statute. Section 1–02–07, N.D.C.C.; *see Richard v. Fliflet,* 370 N.W.2d 528, 535 (N.D.1985). Additionally, when statutes are in an irreconcilable conflict, the statute which was enacted last in time prevails provided it is the intent of the Legislature that the statute prevail. Section 1–02–07, N.D.C.C.

The instant case presents a specific provision contained in Section 12.1–32–02.1, N.D.C.C., which provides for a mandatory term of imprisonment for armed offenders. This specific provision governs over the more general provisions contained in Chapter 12–53, N.D.C.C., *i.e.,* Section 12–53–01, N.D.C.C., which sets forth the power of the court to suspend the execution of a sentence. Furthermore, Section 12.1–32–02.1 was enacted later in time to the provisions of Chapter 12–53 which relate to the court's power to suspend the execution of a sentence.[4] Thus, any inconsistency should be resolved in favor of Section 12.1–32–02.1

because it is the more recently enacted and the more specific.

This Court has said many times that the primary purpose of statutory construction is to ascertain the intent of the Legislature and that intent must first be sought from the language of the statute. *Production Credit Ass'n of Minot v. Lund,* 389 N.W.2d 585, 586 (N.D.1986); *Quist v. Best Western Int'l. Inc.,* 354 N.W.2d 656, 660 (N.D.1984); *Morton County v. Henke,* 308 N.W.2d 372, 375 (N.D.1981); *State v. Moore, supra,* at 278.

We recognize that the words and phrases in a statute are to be construed according to the context and the rules of grammar and the approved usage of the language. Section 1–02–03, N.D.C.C.; *Sheets v. Graco, Inc.,* 292 N.W.2d 63, 67 (N.D.1980). Consideration must be given to the ordinary sense in which words are used, the context in which they are used, and the background for the statute as far as can be ascertained from the whole act. *County of Stutsman v. State Historical Soc.,* 371 N.W.2d 321, 327 (N.D.1985); *Harding v. City of Dickinson,* 76 N.D. 71, 76, 33 N.W.2d 626, 630 (1948); *see* Section 1–02–02, N.D.C.C. Meaning should be given to every word, clause and sentence in the statute. *Brenna v. Hjelle,* 161 N.W.2d 356, 359 (N.D.1968). The primary objective is to ascertain and give effect to the Legislature's intent in enacting the statute. *State v. Coutts,* 364 N.W.2d 88, 92 (N.D. 1985); *Sheets v. Graco, Inc., supra,* citing, *State v. Unterseher,* 289 N.W.2d 201 (N.D. 1980).

Section 12.1–32–02.1, N.D.C.C., requires a court to impose a minimum prison term upon an armed offender and such sentence shall be served without benefit of parole. The statute has as its obvious purpose de-

---

3. Section 1–02–07, N.D.C.C., provides:

    *"Particular controls general.*—Whenever a general provision in a statute is in conflict with a special provision in the same or in another statute, the two shall be construed, if possible, so that effect may be given to both provisions, but if the conflict between the two provisions is irreconcilable the special provision must prevail and must be construed as an exception to the general provision, unless

the general provision is enacted later and it is the manifest legislative intent that such general provision shall prevail."

4. Section 12.1–32–02.1, N.D.C.C., was enacted in 1977. *See* S.B. 2122, S.L.1977, ch. 127, § 1; *see also* S.B. 2061, S.L.1983, ch. 170, § 1 (amended). Section 12–53–01, N.D.C.C., was last amended and reenacted in 1975. *See* S.B. 2332, S.L.1975, ch. 114, § 1.

terrence of violent crime and vindication of the public's interest in punishing those who commit serious crimes with a firearm. "Served" is a word of common understanding and usage. It connotes that imprisonment or confinement shall occur. Webster's New World Dictionary 1301 (2d college ed. 1980). Section 12.1–32–02.1 also prohibits the use of parole. Accordingly, we believe that Section 12.1–32–02.1, when viewed as a whole, indicates that a court may not suspend a sentence imposed pursuant to that statute. Thus, the trial court was correct in its determination that it lacked the authority to suspend a portion of the minimum four-year sentence.

The judgment of the trial court is affirmed.

ERICKSTAD, C.J., and MESCHKE, VANDE WALLE and LEVINE, JJ., concur.