STATE of North Dakota, Plaintiff and Appellee,

v.

Michael PROCIV, Defendant and Appellant.

Cr. No. 870073.

Supreme Court of North Dakota.

Jan. 12, 1988.

State's Atty. Jay Brovold, Medora, for plaintiff and appellee.

Freed, Dynes, Reichert & Buresh, Dickinson, for defendant and appellant; argued by Eugene F. Buresh.

LEVINE, Justice.

Michael Prociv appeals from a judgment of conviction based upon a jury verdict finding him guilty of violating North Dakota Century Code § 36–21.1–02(2).[1] We affirm.

Prociv raises two issues on appeal:

(1) Whether the trial court erred "in failing to instruct the jury of the element of culpability required for a conviction under Sec. 36–21.1–11 of the North Dakota Century Code."

(2) Whether the trial court erred in denying Prociv's motion for judgment of acquittal following the close of the State's case in chief.

I.

Prociv concedes that NDCC § 36–21.1–02(2) contains no culpability requirement but he argues that NDCC § 36–21.1–11 requires that a defendant must knowingly and willfully violate § 36–21.1–02(2) in order to be convicted.

Section 36–21.1–11, NDCC, provides:

"Any person knowingly and willfully violating any regulation promulgated by the board pursuant to the provisions of chapter 28–32 or violating any provision of this chapter for which a specific penalty is not provided is guilty of a class A misdemeanor."

Prociv relies on NDCC § 1–02–02 (statutes to be construed in their ordinary sense) and NDCC § 1–02–03 (words and phrases to be construed according to the rules of grammar and approved usage of language). He contends that the adverbs "knowingly" and "willfully" modify not only the phrase "violating any regulation promulgated by the board," but also the phrase "violating any provision of this chapter for which a specific penalty is not provided." His argument is that the two phrases are joined by the coordinate conjunction "or" and that under "the rules of grammar, a coordinate conjunction can only join modifiers which describe the same grammatical element, in this case the sub-

1. Section 36–21.1–02(2) reads: "No person may deprive any animal over which he has charge or control of necessary food, water, or shelter."

ject of the sentence." Thus, he urges that even though the legislature did not repeat the modifying adverbs "willfully" and "knowingly," the statute must be grammatically construed as if it did.

In *State v. Unterseher*, 289 N.W.2d 201 (N.D.1980), Unterseher also urged that we construe an entrapment statute in accord with an elaborate grammatical rationale. We declined to follow the proposed construction, explaining that "rules of grammar are just one thing we look at in the construction of a statute." *Id.* at 202–03.

■ Whether an offense is punishable without proof of knowledge or willfulness is a question of legislative intent to be determined by the language of the statute in connection with its manifest purpose and design. *See State v. Rippley*, 319 N.W.2d 129 (N.D.1982). If a statute is ambiguous, and we believe § 36–21.1–11 is, we look to the legislative history for help in determining the intention of the legislature. *See* NDCC § 1–02–39.

The obvious purpose of Ch. 36–21.1 is the protection of animals. Until 1971, the element of willfulness was required in order to convict for depriving an animal of necessary food or water. *See* NDRC 1943 § 36–2102(7). However, in 1971 the legislature enacted ch. 36–21.1 which established a separate penalty provision, § 36–21.1–11, and omitted a willfulness requirement in either NDCC §§ 36–21.1–02(2) or 36–21.1–11. *See* 1971 S.L. ch. 341, §§ 2, 11. It retained the requirement of willfulness for the act of instigating or furthering cruelty to animals. *See* S.L. 1971, ch. 341, § 2(6). In 1975, the chapter was again amended to provide for its administration by the Livestock Sanitary Board and to provide a penalty for violating any regulations promulgated by the Board. *See* 1975 S.L. ch. 306, § 4. It was in 1975 that the "knowing and willful" language, at issue in this appeal, was added.

We are not persuaded that the legislature had in mind Prociv's grammatical principles when it expressly required the elements of knowledge and willfulness for conviction of violating administrative regulations but omitted those elements for conviction of violating statutes.

We believe the legislature intended to require knowledge and willfulness for a violation of an administrative regulation but not for a statutory violation. There were no regulations extant in 1975 when this language was first introduced. We believe the legislature intended to create greater protection for citizens for inadvertent violations of yet unpromulgated and, therefore, unknown regulations. Indeed, there are still no regulations relating to ch. 36–21.1 published by the Board in the NDAC. The adage that everyone is presumed to know the law was thus limited by the legislature in NDCC § 36–21.1–11 to statutory law. When the legislature intended a culpability requirement, it expressly stated as much. *E.g.*, NDCC § 36–21.1–05.

■ We hold that NDCC § 36–21.1–11 requires no culpability and that the trial court did not err in refusing to instruct the jury that willfulness and knowledge were necessary for conviction.

## II.

■ Prociv argues that the trial court erred in denying his motion for judgment of acquittal following the prosecution's case in chief because the State failed to prove an essential element of the crime: that Prociv had control or charge of the dog alleged to have been mistreated. Recognizing that evidence of his control or charge of the animal was adduced during the prosecution's cross-examination of Prociv, Prociv urges that we overrule the waiver rule adopted in *State v. Allen*, 237 N.W.2d 154 (N.D.1975). Under the waiver rule, when a defendant elects to present evidence after the trial court has denied defendant's motion for judgment of acquittal, this court may review the entire record, and not merely the evidence presented dur-

ing the State's case in chief, to determine whether there is sufficient evidence to sustain the verdict. *State v. Matuska*, 379 N.W.2d 273 (N.D.1985); *State v. Ohnstad*, 359 N.W.2d 827 (N.D.1984); *State v. Shipton*, 339 N.W.2d 87 (N.D.1983); *State v. Allen, supra* at 159.

We decline to depart from precedent and conclude that the trial court did not err in denying the motion for judgment of acquittal.

Accordingly, the judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, MESCHKE and GIERKE, JJ., concur.