STATE of North Dakota, Plaintiff and Appellee,

v.

Clarence MEIER, Defendant and Appellant.

Cr. No. 890099.

Supreme Court of North Dakota.

Oct. 25, 1989.

C. Charles Chinquist (argued), Fargo, for defendant and appellant.

James W. Wold, States Atty. (argued), Cooperstown, for plaintiff and appellee.

GIERKE, Justice.

Clarence Meier appeals from a district court decision which granted the State's motion to correct an illegal sentence and sentenced Meier to two years' imprisonment pursuant to Section 12.1–32–02.1, N.D.C.C. We affirm the district court's decision.

Meier was found guilty of reckless endangerment, a class C felony, under Section 12.1–17–03, N.D.C.C.,[1] following a bench trial in December 1986. The trial court sentenced Meier to one years' imprisonment at the State Farm with six months of the sentence suspended. While Meier's appeal for the conviction was pending, the State filed with the trial court a motion to correct an illegal sentence pursuant to Rule 35(a), N.D.C.C.,[2] arguing that under Section 12.1–32–02.1, N.D.C.C.,[3] the trial court was required to sentence Meier to at least two years' imprisonment. The trial court issued an order changing Meier's sentence to two years' imprisonment. On appeal, a majority of this Court affirmed Meier's conviction for class C felony reckless endangerment in *State v. Meier*, 422 N.W.2d 381 (N.D.1988), but reversed the order for the correction of sentence because the trial court lacked jurisdiction to correct the sentence once Meier had filed this appeal.

After our decision was rendered, the State again filed with the trial court a motion to correct an illegal sentence contending that Meier should have been sentenced to two years' imprisonment pursuant to Section 12.1–32–02.1. Meier countered the State's motion with a request that his conviction be redesignated as a class A misdemeanor with the original sentence retained. The trial court agreed with Meier and changed his conviction to "reckless endangerment, class A misdemeanor, a lesser included offense of reckless endangerment as charged in the information."[4] On ap-

1. Section 12.1–17–03, N.D.C.C., provides:
   "12.1–17–03. Reckless endangerment. A person is guilty of an offense if he creates a substantial risk of serious bodily injury or death to another. The offense is a class C felony if the circumstances manifest his extreme indifference to the value of human life. Otherwise it is a class A misdemeanor. There is risk within the meaning of this section if the potential for harm exists, whether or not a particular person's safety is actually jeopardized."

2. Rule 35(a), N.D.R.Crim.P., provides:
   "RULE 35. CORRECTION OR REDUCTION OF SENTENCE
   "(a) Correction of sentence. The sentencing court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."

3. Section 12.1–32–02.1, N.D.C.C., provides:
   "12.1–32–02.1. Minimum prison terms for armed offenders. Notwithstanding any other provisions of this title, minimum terms of imprisonment shall be imposed upon an offender and served without benefit of parole when, in the course of committing an offense, he inflicts or attempts to inflict bodily injury upon another, or threatens or menaces another with imminent bodily injury with a dangerous weapon, an explosive, or a firearm. Such minimum penalties shall apply only when possession of a dangerous weapon, an explosive, or a firearm has been charged and admitted or found to be true in the manner provided by law, and shall be imposed as follows:
   "1. If the offense for which the offender is convicted is a class A or class B felony, the court shall impose a minimum sentence of four years' imprisonment.
   "2. If the offense for which the offender is convicted is a class C felony, the court shall impose a minimum sentence of two years' imprisonment.
   "This section applies even when being armed is an element of the offense for which the offender is convicted."

4. The trial court based its redesignation of Meier's conviction upon a quotation from the Model Penal Code that this Court used in *State v. Meier*, 422 N.W.2d at 384. The quotation stated, "'[a] person commits a misdemeanor if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.'" In *State v. Meier*, 422

peal, this Court concluded in *State v. Meier*, 440 N.W.2d 700 (N.D.1989), that the trial court lacked jurisdiction to amend Meier's criminal judgment and, accordingly, we remanded the case to the trial court for consideration of the State's motion that Meier be sentenced according to Section 12.1–32–02.1, N.D.C.C.

Upon remand, the trial court granted the State's motion and sentenced Meier to two years' imprisonment at the State Penitentiary according to Section 12.1–32–02.1, N.D.C.C. This appeal followed.

■ The conduct which gave rise to the original reckless endangerment conviction was Meier's act of pointing a rifle at two police officers, Officer Hendrickson and Officer Kiefert. Meier concedes that the language of Section 12.1–32–02.1, N.D.C.C., does not appear to mandate that the trier of fact make a special finding regarding the requirement of "threatens or menaces another with imminent bodily injury...." However, Meier argues that due process requires that the finder of fact make a special finding under Section 12.1–32–02.1 that the defendant "inflicts or attempts to inflict bodily injury upon another, or threatens or menaces another with imminent bodily injury...." Meier contends that the trial court did not make a special finding that he threatened or menaced Officers Hendrickson and Kiefert with imminent bodily injury. Therefore, he argues that Section 12.1–32–02.1 does not apply to his conviction. We do not believe the expressed provisions of Section 12.1–32–02.1 require such a finding.

The primary purpose of statutory construction is to ascertain the intent of the Legislature and that intent must first be sought from the language of the statute. *State v. Brandon*, 413 N.W.2d 340, 343 (N.D.1987); *Production Credit Association of Minot v. Lund*, 389 N.W.2d 585,

586 (N.D.1986); *Quist v. Best Western Int'l Inc.*, 354 N.W.2d 656, 660 (N.D.1984); *Morton County v. Henke*, 308 N.W.2d 372, 375 (N.D.1981). We have recognized that the purpose of Section 12.1–32–02.1 is to deter violent crime and vindicate the public's interest in punishing those who commit serious crimes with a firearm. *State v. Brandon, supra*, 413 N.W.2d at 344.

By its expressed terms, Section 12.1–32–02.1, N.D.C.C., provides in part: "Such minimum penalties shall apply only when possession of a dangerous weapon, an explosive, or a firearm has been charged and admitted or found to be true in the manner provided by law, ..." In *State v. Sheldon*, 312 N.W.2d 367 (N.D.1981), we construed the foregoing provision to mean that Section 12.1–32–02.1 applied only "if the possession of a dangerous weapon, an explosive, or a firearm is an essential element of the crime committed or if the trier of fact makes a special finding that in the course of committing the offense the accused was in possession of a dangerous weapon, an explosive, or a firearm." *State v. Sheldon, supra*, 312 N.W.2d at 370.

In the instant case, Meier was convicted of the offense of reckless endangerment. Under our reckless endangerment statute, Section 12.1–17–03, the possession of a dangerous weapon or firearm is not an essential element for the commission of the offense. *See State v. Kroeplin*, 266 N.W.2d 537 (N.D.1978). Accordingly, in the instant case, the trial court judge was only required to make a special finding that Meier was in possession of a dangerous weapon when he committed the offense of reckless endangerment. Apparently, this finding was made as Meier was convicted of reckless endangerment as a result of pointing a rifle at two police officers.

■ Alternatively, Meier argues that his conduct of pointing a rifle at two police officers did not "threaten or menace anoth-

N.W.2d at 384, we noted that our reckless endangerment statute was modeled after Section 1613 of the proposed Federal Criminal Code. Our reference to the Model Penal Code was intended for interpretive purposes only. Unlike the proposed Federal Criminal Code section on reckless endangerment which distinguishes be-

tween a felony and a misdemeanor based upon the degree of recklessness, the Model Penal Code section on reckless endangerment grades the offense only as a misdemeanor. *See* Model Penal Code and Commentaries, Vol. I, pt. II, Commentary to Section 211.2, at page 195 (1980).

er with imminent bodily injury" so as to invoke the minimum sentencing provisions of Section 12.1–32–02.1. Meier contends that, since the rifle was later determined to be unloaded, his conduct could not have caused "imminent bodily injury" under Section 12.1–32–02.1. We disagree.

This Court has recognized that words and phrases in a statute are to be construed according to the context and the rules of grammar and the approved usage of the language. Section 1–02–03, N.D. C.C.; *State v. Brandon, supra,* 413 N.W.2d at 343; *Sheets v. Graco, Inc.,* 292 N.W.2d 63, 67 (N.D.1980). In interpreting a statute, words must be given their plain, ordinary and commonly understood meaning. *County of Stutsman v. State Historical Soc.,* 371 N.W.2d 321, 327 (N.D.1985).

According to Black's Law Dictionary, "imminent" means "[n]ear at hand; mediate rather than immediate; close rather than touching; impending; on the point of happening; threatening; menacing; perilous." "Imminent" has also been defined as:

> "dangerous and close at hand, impending and liable to, or threatening to, happen at once, as some calamity; that which denotes that something is ready to fall or happen on the instant. The word 'imminent' conveys usually some idea of 'immediate,' of something to happen 'upon the instant;' but, conceding this to be so in a general sense, yet it does not mean an instant consummation." 42 C.J.S. *Imminent.* [Footnotes deleted.]

In this case, Officer Hendrickson testified that he was crouched behind the patrol car for cover when Meier approached the car. He testified that Meier walked right up to the front of the patrol car with a rifle pointed at him and Officer Kiefert. He testified that he was "definitely" scared and that he had his hand gun pointed at Meier throughout the incident.

Officer Kiefert testified that he also was crouched behind the patrol car for cover when Meier approached them with the rifle pointed at them. He testified that Meier walked right up to the front of the patrol car with the gun pointed at them. He

testified that Meier told them to "get the hell out of the there ... get the f... out of there" even after they had identified themselves as the sheriff's department. Finally, Officer Kiefert testified that he had his handgun drawn and aimed at Meier throughout the ordeal.

It seems clear by Officers Hendrickson and Kiefert's actions that they felt they were in serious danger of being shot by Meier. As the trial court noted, this was a "very dangerous situation" and a situation which "would appear to the officers that their lives were in danger of being approached with a weapon that had recently been fired."

Meier's argument that the rifle was unloaded does not alter the fact that the officers felt threatened with imminent bodily injury as a result of Meier's conduct. Obviously, the officers did not know that the gun was unloaded. Accordingly, we do not believe the trial court erred in determining that Meier's actions threatened Officers Hendrickson and Kiefert with imminent bodily injury.

■ As his final argument, Meier claims that his right to due process was violated as a result of the State not giving him notice in the charge or information of the State's intent to recommend imposition of the minimum sentencing provisions of Section 12.1–32–02.1 to his reckless endangerment conviction. We disagree.

We recognize that the provisions of Section 12.1–32–02.1 subject a defendant to an enhanced punishment if it is applicable. In a somewhat analogous situation, this Court has held that to subject a defendant to an enhanced punishment for a second or subsequent DUI offense, it is necessary to allege the prior conviction in the complaint or information. *State v. Edinger,* 331 N.W.2d 553, 554 (N.D.1983). We held that the prior DUI offense must be alleged in the complaint or information because a defendant has the right to be informed of the exact nature of the charge against him for purposes of preparing his defense.

In the instant case, the information stated that Meier created a substantial risk of

serious bodily injury or death to another due to the fact that:

"[T]he defendant fired two shots from a .270 caliber rifle in the vicinity of the Sheriff and Deputy Sheriff of Griggs County and in the vicinity of a nearby farmhouse, while the officers were investigating an unoccupied car which had been parked in the farmyard after having been chased by the officers. After firing the shots the Defendant approached the officers with a rifle leveled at them. He was subsequently and forcibly disarmed and placed under arrest."

It seems clear that the information alleged the essential elements of both our reckless endangerment statute, Section 12.-1–17–03, N.D.C.C., and our armed offender statute, Section 12.1–32–02.1, N.D.C.C. Although the information did not contain the specific language of "threatens or menaces another with imminent bodily injury with a dangerous weapon" used in Section 12.1–32–02.1, we believe that the language used in the information is sufficiently similar so as to apprise Meier of the State's possible intention of utilizing Section 12.1–32–02.1. Any distinction between the "creates a substantial risk of serious bodily injury or death to another" language of Section 12.-1–17–03 and the "inflicts or attempts to inflict bodily injury upon another, or threatens or menaces another with imminent bodily injury" language of Section 12.1–32–02.1 is dubious at best. Further, the information alleged Meier's use of a .270 caliber rifle. Obviously, a weapon of this sort would be considered a dangerous weapon for Section 12.1–32–02.1 purposes. Therefore, we believe Meier was placed on sufficient notice of the possible application of Section 12.1–32–02.1 to his reckless endangerment charge.

Thus, the trial court's sentencing of Meier pursuant to Section 12.1–32–02.1 was a correct application of the statute. The judgment of the trial court is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, and LEVINE, JJ., concur.

MESCHKE, J., concurs in the result.